TREGLOAN, Administrator, Appellant, vs. HAYDEN, Respondent.

*November 11—December 6, 1938.*

For the appellant there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *L. A. Brunckhorst.* *Elton S. Karrmann* of Platteville, for the respondent.

FRITZ, J.   The plaintiff alleges in an amended complaint that on September 17, 1934, Jennie R. McNulty died intestate, seized in fee and possessed of an undivided one-half interest in the land involved herein, and that he is the duly appointed and qualified administrator *de bonis non* of her estate, against which claims have been filed and allowed which, as well as the funeral and administration expenses, are unpaid; that the estate has no other assets than the land; and that while the estate was seized of the land, the defendant entered into possession on March 24, 1937, and refuses to surrender the same to the plaintiff.   The defendant denied, in her verified answer, that Jennie R. McNulty was seized or in possession, at the time of her death, of any interest in the land.   Furthermore, in that answer and her affidavit in support of her motion for summary judgment, the defendant alleged the following facts by positive statements based on her own knowledge,—and not upon mere information and belief,—to wit: That on October 23, 1933, Jennie R. McNulty, for a full and adequate consideration, conveyed all of her interest in the land to Austin A. Hayden by a deed recorded on October 24, 1933; that there were then two docketed judgments against Jennie R. McNulty,—for $3,775.68 and $2,522.31, respectively,—which were liens on her one-half interest in the land; that the defendant, on March 24, 1937, in good faith and relying on the records in the office of the register of deeds, purchased that one-half interest from Austin A. Hayden in consideration of $450

paid to him for his conveyance thereof to her by a deed executed on that date and recorded on May 13, 1937; that at that time that one-half interest was subject to execution sales, for which certificates of sale for $3,864.72 and $2,320.63, respectively, were recorded in May, 1936; that the defendant, relying on the records of those execution sales and in good faith, redeemed the land on May 15, 1937, from the execution sales by paying $4,096.62 and $2,459.87, and certificates of such redemption were recorded on May 15, 1937; that when she purchased the undivided one-half interest there were also delinquent taxes thereon in the sum of $1,083.57, which she paid and redeemed on or about May 15, 1937; that on October 23, 1933, Austin A. Hayden went into actual possession of the land under his deed of that date, and remained in exclusive possession thereof until on or about May 1, 1937, when the defendant went into possession, and that she is the owner in fee and in possession thereof, subject to but a mortgage subsequently executed by her; that when she purchased from Austin A. Hayden and paid the consideration for the conveyance by him, and when she redeemed from the execution sales and the delinquent taxes, she had no knowledge, notice, or information that the personal representative of the estate of Jennie R. McNulty, deceased, or any one else was claiming any interest in the lands; that she purchased in good faith, believing that the consideration which she paid was a full and adequate consideration therefor; and that, prior to the plaintiff's appointment as administrator *de bonis non* of the estate of Jennie R. McNulty, he had been the duly appointed and qualified administrator of that estate but had not inventoried the land or any interest therein as part of the estate, and when she paid the consideration of $450 to Austin A. Hayden for his deed and the amounts required to redeem the land from the execution sales and delinquent taxes, there was on file in the records of the county court an order made Janu-

ary 22, 1937, discharging J. V. Tregloan as administrator of the estate pursuant to a petition filed by him stating that no assets belonging to the estate had been discovered. In addition the defendant stated in her affidavit "that she believes that this action, by said plaintiff against this defendant, has no merits;" and there were attached to her affidavit certified copies of the certificates of redemption from delinquent taxes and the execution sales, and the quitclaim deeds from Jennie R. McNulty to Austin A. Hayden, and from Austin A. Hayden to defendant, respectively.

In opposing the defendant's motion for summary judgment, the plaintiff filed his affidavit stating positively, as based on his own knowledge, that he did not know the facts set out in his amended complaint except as to the indebtedness of the estate, until after he was discharged as administrator; and that when Jennie R. McNulty conveyed to Austin A. Hayden on October 23, 1933, she was insolvent or rendered insolvent by her deed, and that it was fraudulent and void under the Uniform Fraudulent Conveyance Act as to the creditors of her estate, who are mentioned in the amended complaint. In addition, *but only upon information and belief*, the plaintiff denied that the defendant was the owner of the undivided one-half interest of the lands described in the amended complaint, or that she purchased the same in good faith, and for a full and adequate consideration, or that she purchased them at all or that she has a conveyance thereto; that Jennie R. McNulty conveyed them to Austin A. Hayden for a full and adequate consideration, or that title thereto was ever in him, or that the defendant purchased them from him, or that they were transferred to her by deed, or for a full and adequate consideration; and that the defendant, when she acquired the lands or redeemed them from the execution and tax sales, had no knowledge of the claim of the personal representative of Jennie R. McNulty. And in addition, but likewise only *upon information and*

*belief,* the plaintiff stated in his affidavit that Jennie R. Mc-. Nulty was an aunt of Austin A. Hayden, and that he was a brother-in-law of the defendant; that the pretended deed from Jennie R. McNulty to Austin A. Hayden was voluntary and without consideration and fraudulent, and did not convey the lands described in the amended complaint; that likewise the land described in the deed to defendant is not the land described in the amended complaint; that if defendant redeemed the land described therein from execution or tax sales, she was a mere volunteer; and that both of the quitclaim deeds were executed and delivered with intent to defraud and to hinder and delay creditors of the respective grantors. The plaintiff also filed affidavits by an abstractor and a surveyor stating in effect that the lands described in the two deeds did not describe land located in La Fayette county; and he offered in evidence an inventory filed by him as administrator *de bonis non* showing that the land in question was appraised at $8,176.87.

On this appeal the plaintiff contends that defendant's affidavit is insufficient as a basis for a summary judgment because it fails to show two things which are necessary under sec. 270.635, Stats., viz., (1) an affidavit of some person who has knowledge thereof setting forth such evidentiary facts as shall show that her denials or defenses are sufficient to defeat the plaintiff; and (2) an affidavit of the moving defendant that the action has no merit. In support of those contentions the plaintiff argues that there is no denial by the defendant or statement by her of any evidentiary facts in refutation or avoidance of the new matter set up in the plaintiff's affidavit to the effect that both deeds were voluntary and without consideration, and fraudulent as to the creditors of Jennie R. McNulty's estate; that the deeds were executed and delivered with intent to defraud and to hinder and delay the creditors of the respective grantors, who were insolvent or rendered insolvent at the time of the transfers

made thereby; that the pretended deed from Jennie R. Mc-Nulty to Austin A. Hayden was fraudulent and void, and the defendant took with knowledge of those facts; and that the deeds do not describe the land set forth in the amended complaint, and the defendant has no conveyance thereto.

The argument that the deeds do not describe the land in question and that the defendant has no conveyance thereto is based upon the fact that, although the land was duly described in each deed by correctly specifying the fractional quarter-sections and the half-sections of the sections in which it is actually located in a township numbered one in a range numbered two, in La Fayette county, the descriptions were insufficient and therefore defective because in respect to the township and range they read: "Township One (1), Range Two (2) North." Thus, in describing the township (which was correctly numbered), there was omitted the specification, which is usually necessary, as to whether the township is north or south of the base line; but there was the word "North" immediately after the number of the range, although in the public land system of the United States a range is neither north nor south of the applicable principal meridian, but can be only east or west thereof. Likewise in that system a township in a range can be only north or south of the applicable base line. Consequently the word "North" in the descriptions in the deeds is inapplicable in so far as its immediate context with the specified range would otherwise be considered of significance. That word is applicable only to a township, and was undoubtedly intended to be used in that connection. However, in so far as the descriptions under consideration are concerned, the omissions to designate therein in which direction "Township One (1)" is from the applicable base line, or "Range Two (2)" is from the applicable principal meridian are immaterial. In this court, as well as the lower court, judicial notice must be taken of the

fact that because the meridian applicable to all land in La Fayette county is the principal meridian which constitutes its west boundary line, every range in the county is necessarily *east* of the meridian; and that likewise, because the base line applicable to all land in the county is the line which is the south boundary line of the county, as well as the state, every township in the county is necessarily *north* of that base line. It follows that the word "North," immediately following the number of the range in the description, must be rejected as surplusage; but that the absence of the usual specification as to the direction of a township from the base line or of a range from the principal meridian is of no consequence inasmuch as in La Fayette county all townships are north of the base line, and all ranges are east of the principal meridian. Under those circumstances the township and range specified in the deeds can be, respectively, only a township which is north of the base line, and in a range which is east of the meridian.

All other assertions in the affidavits filed by the plaintiff in opposing defendant's motion, in so far as they relate to material matters, are effectively refuted and denied in substance by the defendant's positive statements as to evidentiary facts in her verified answer and affidavit, including the documents attached thereto. Those positive statements are in full compliance with the provision of sec. 270.635 (2), Stats., requiring the setting forth of "such evidentiary facts, including documents or copies thereof, . . . as shall show that his denials or defenses are sufficient to defeat the plaintiff."

On the other hand, the statements upon merely information and belief by the plaintiff, instead of positive statements of facts actually within his knowledge or the knowledge of some other affiant, were insufficient in view of provisions in the statute that a summary judgment may be entered for the moving party filing affidavits setting forth evidentiary facts

showing denials or defenses sufficient to defeat the plaintiff's cause of action "unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial." Sec. 270.635 (2), Stats. Likewise, as the statement in the defendant's affidavit "that she believes that this action, by said plaintiff against this defendant, has no merits," is in accordance literally with the requirement in that statute that a defendant moving for a summary judgment shall state in the affidavit "that he believes . . . that the action has no merit," her affidavit must be considered in full compliance with the statute in that respect. It requires a verified statement to that effect by only the moving party; and it does not require him to state the basis for his belief, or that he has been so advised by an attorney at law. Neither does it require an affidavit by an attorney to that effect. It follows that, because it appears from the evidentiary facts stated positively,—and not merely on information and belief,—in defendant's affidavit and exhibits attached thereto and her verified complaint that her denials and defenses are sufficient to defeat the plaintiff's cause of action, and that the action has no merit, and because the plaintiff has failed to properly show facts which the court should deem sufficient to entitle him to a trial, the summary judgment dismissing the action must be affirmed.

*By the Court.*—Judgment affirmed.