LINDEMEYER, Plaintiff, vs. CITY OF MILWAUKEE, Defendant. [Two cases.]

*November 12—December 8, 1942.*

638

*Max Raskin* of Milwaukee, for the plaintiffs.

For the defendant city of Milwaukee there was a brief by *Walter J. Mattison,* city attorney, and *Mathias Schimenz* and *John A. Decker,* assistant city attorneys, and oral argument by *Mr. Schimenz* and *Mr. Decker.*

For the defendant Stefania Staniszewski there was a brief by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, all of Milwaukee, and oral argument by *H. F. Lichtsinn.*

ROSENBERRY, C. J.   The water shutoff or stop box involved in this case consisted of a pipe set in the ground over a shutoff valve in a water-service lateral.   The box has a re-

movable cover which is fastened by a bolt. The sidewalk in question was located on the west side of South Twenty-First street and the water stop box was located in the sidewalk eighteen inches from the east edge of the walk.

It further appears from the findings of the trial court that on the 22d day of June, 1936, the common council of the city of Milwaukee amended the rules governing the introduction, supply, and consumption of water by which it was provided that—

"All service pipes from the connection with the street main to and including the curb cock and curb-cock box, or for services having gate-valve control at the street main to one (1) foot beyond the street curb line, supplying premises within the city of Milwaukee only, shall be maintained free of defect of any nature by and at the expense of the Milwaukee Water Works."

Sec. 97–4 of the ordinances prohibited any person from turning off or turning on any stopcock or gate, or from digging up or molesting any main distributing pipes, stopcocks, or ferrules therein. Under the provisions of these ordinances it is clear, as the trial court held, that the property owner who purchased the premises after the stop box was installed was not liable, and we shall not give further consideration to this aspect of the case.

The plaintiff contended and the court held that the stop box which projects two and one-fourth inches above the adjacent sidewalk constituted a nuisance. It is the claim of the defendant city that if it constituted anything, it constituted a defect in the sidewalk and not a nuisance. No notice of injury was served. Plaintiff made no claim that the sidewalk was defective. In *McCormick v. Racine* (1938), 227 Wis. 33, 277 N. W. 646, it was held that a difference in the level of cement squares of a sidewalk amounting to two and three-eighths inches did not constitute an insufficiency or want of repair. A number of cases are cited and analyzed in the opinion which dealt with the matter of defects in sidewalks. It is

considered that under the doctrine of that case the projection of the stop box in this case did not constitute an insufficiency or want of repair of the street as a matter of law.

We are now confronted with the question whether an obstruction, such as the stop box in this case, which does not amount to an insufficiency or want of repair of the street, can be found to be a nuisance. Sec. 81.15, Stats., makes the city liable for any damage sustained "by reason of the insufficiency or want of repair" of the sidewalk, whereas its liability for creating or maintaining a nuisance is the same as that of any other person and is based upon common-law principles. The trial court gave this case careful consideration and held that—

"A nuisance is a type of wrong arising from the unreasonable, unwarrantable or unlawful use by a person of his own property, or from his own improper or unlawful conduct, working an obstruction or injury to a right of another, or of the public, and producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage."

This definition was apparently taken from 39 Am. Jur. p. 280, sec. 2. It is there said, however, that the term "nuisance" is incapable of an exact and exhaustive definition which will fit all cases because controlling facts are seldom alike and each case stands on its own footing. There is said to be a distinction between "nuisance" and "negligence." While that is true, there are many cases where acts or omissions constituting negligence also give rise to a nuisance. The supreme court of Iowa said:

"It is difficult at times to distinguish between actions of nuisance and actions bottomed on negligence; but in either case there must be a breach of some duty on the part of the defendant before an action will lie against him." *Upp v. Darner* (1911), 150 Iowa, 403, 407, 130 N. W. 409, 32 L. R. A. (N. S.) 743.

In *Harper v. Milwaukee* (1872), 30 Wis. 365, 372, it was said:

"The general rule of law is that a municipal corporation has no more right to erect and maintain a nuisance than a private individual possesses, and an action may be maintained against such corporation for injuries occasioned by a nuisance for which it is responsible, in any case in which, under like circumstances, an action could be maintained against an individual."

In *Bruhnke v. La Crosse* (1914), 155 Wis. 485, 487, 144 N. W. 1100, the contention was that the city was liable as for maintaining a nuisance by operating a wagon with a dumping device which made it attractive to children, and it was claimed that this constituted a nuisance under the doctrine of the turntable cases. The court said:

"This is a mistaken correlation of distinct and independent rules. When a city creates a nuisance it is not exercising a governmental function, but is doing something forbidden by law. Where an object is of a construction not forbidden by law and in a place authorized by law, it is impossible that it should be a nuisance. It is not unlawful to use dump wagons. If mere averment or proof that a useful implement or vehicle was attractive to children would make its use on the streets unlawful and its presence a nuisance, most of the useful vehicles, implements, and appliances must be withdrawn from the service of mankind."

In this case it is to be noted that the obstruction which the plaintiff contends amounted to a nuisance was not placed in the sidewalk by the city. It was maintained in the sidewalk by the city in the course of its operation of its waterworks and therefore in its proprietary capacity but, as already stated, it did not constitute an insufficiency or want of repair within the meaning of sec. 81.15, Stats. The duty which the defendant city owed to the plaintiff was the duty to maintain the sidewalk

in a reasonably safe condition for a traveler upon the street. If the obstruction in question had amounted to an insufficiency or want of repair within the meaning of sec. 81.15, then the city would have been liable for the injuries sustained by the plaintiff because it had failed to remove the obstruction which had remained in the street for many years and of which the city must be held to have had notice.

This case is ruled by *Morrison v. Eau Claire* (1902), 115 Wis. 538, 92 N. W. 280. In that case plaintiff brought an action against the city of Eau Claire on the ground that the city had permitted an accumulation of stone, brick, cement, and ice upon the sidewalk. The plaintiff had filed a claim against the city for damages under what is now sec. 81.15, Stats., but did not appeal from the disallowance of the claim as he was required to do by the city charter. The plaintiff thereupon brought an action in the circuit court setting up the facts relating to the accumulations on the sidewalk on the ground that the same constituted a nuisance. The court said (pp. 542, 543):

"Appellant's contention is that he has attempted to bring suit for damages resulting from the maintenance of a nuisance by the city, because his injury results from the presence of an unlawful extraneous substance in the street not any part of it, namely, a pile of mortar and bricks or other debris, but he does not charge the city with any responsibility, either by act or consent, for such substance being placed there originally. He contents himself with asserting its presence, and the city's failure to remove it from the street. This is no more than an omission of the city's statutory duty to keep the highway within its limits reasonably safe for travel thereon, obviously a governmental function performed on behalf of the state at large, from which the municipality derives no pecuniary benefit. From such omission, but for express statute, arises no right of action in favor of one toward whom this mere governmental duty is owed, such as a traveler. . . .

"Upon the text that a pile of rubbish in a street [sidewalk] is an obstruction and therefore a nuisance for which liability

rests on the city at common law, appellant cites, with much verbosity of quotation, an array of decisions which, on examination, prove to be without relevancy."

The court then analyzes the decisions up to that time (1902) and concludes (p. 546):

"The allowance of a dangerous condition of its street, after notice, and plaintiff's injury by reason thereof, sufficiently appear to arouse defendant's liability under sec. 1339 [now sec. 81.15], and the notice of such injury required by that section was duly given. The complaint, however, fails to allege either that plaintiff has complied with sec. 22, subch. VII, of the Eau Claire charter, by filing any claim with the city clerk and taking appeal in statutory manner from disallowance, and it of course further fails to show compliance with the requirement of sec. 26, subch. VII, that such claim be filed within ninety days after the injury."

The court held that the failure to allege such facts resulted in no cause of action being stated by the plaintiff.

The case at bar is practically on all fours with *Morrison v. Eau Claire, supra.* No notice of injury was given and no claim is made in this action that there is liability on the part of the defendant city arising under sec. 81.15, Stats. To hold that the obstruction in the street does not amount to an insufficiency and want of repair and therefore that the street is reasonably safe for public travel and then to hold that the obstruction amounts to a nuisance is a contradiction in terms. The conduct of the city was neither improper nor unlawful. It had discharged its full statutory duty with respect to the maintenance of the street and therefore is not liable for the plaintiff's injuries.

The basis of municipal liability for a nuisance and the circumstances under which recovery may be had are carefully considered and the cases thoroughly analyzed in *Robb v. Milwaukee, ante,* p. 432, 6 N. W. (2d) 222. From the discussion in that case it is clear that a city is not liable as for a

nuisance for the failure to discharge the duty imposed upon it to maintain the streets in a reasonably safe condition for travel as required by sec. 81.15, Stats. The extent of its duty in that regard is fixed by the statute.

The whole matter of municipal liability for tort is in such confusion and uncertainty due to the efforts of the courts to limit what has been called "the state's lordly prerogative of wrongdoing" [1] that it may well be given consideration by the legislature. The "nuisance doctrine" has so far developed as to indicate that there is a growing belief that any wrong committed by a municipality may be redressed on the theory that it is a nuisance, thus avoiding provisions of the law requiring prompt notice of injury and otherwise delaying action against municipalities at a time when the municipality may prepare an adequate defense. This is a condition not peculiar to Wisconsin but exists in many other jurisdictions.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.

[1] Maguire, State Liability for Tort, 30 Harvard Law Review, 20, 37.