WISCONSIN LIQUOR COMPANY, Appellant, vs. PECKARSKY and others (WISCONSIN LIQUOR COMPANY OF OSHKOSH), Respondents. [Case No. 172.]

WISCONSIN LIQUOR COMPANY, Appellant, vs. PECKARSKY and others (WISCONSIN LIQUOR COMPANY OF GREEN BAY), Respondents. [Case No. 173.]

*April 13—May 11, 1948.*

For the appellant there was a brief by *Gold & McCann,* **and** oral argument by *R. A. McDermott,* all of Milwaukee.

For the respondents there was a brief by *Shea & Hoyt* of Milwaukee, and oral argument by *Ralph M. Hoyt.*

ROSENBERRY, C. J.   The plaintiff commenced these actions seeking decrees perpetually restraining and enjoining the defendants from using any corporate name which included the words "Wisconsin Liquor Company," and from doing any act or thing or using any name calculated to induce the belief that plaintiff was in any way associated with defendants, and seeking also an accounting for damages alleged to have been sustained by the plaintiff.

The actions arose out of agreements dated May 18, 1945, June 30, 1945, and October 11, 1945.   Prior to May 18, 1945, Sam Pokrass, Sylvia Pokrass, his wife, and Carl Dietze, and the defendants Hyman Peckarsky and Sophie Peckarsky were the owners of substantially all of the outstanding shares of the capital stock of the plaintiff Wisconsin Liquor Company. Prior to May 18, 1945, the plaintiff was engaged in the business of merchandising liquor and beverages in the state of Wisconsin, and then owned more than fifty per cent of the outstanding shares of the capital stock of the Racine Beverage Company, Sheboygan Liquor Company, and the Badger Liquor Company, Wisconsin corporations.

In order to accomplish the separation of the interests of Sam Pokrass and Sylvia Pokrass and Carl Dietze from those of the defendants Peckarsky an agreement was entered into between them for the transfer of the interests of Hyman

Peckarsky and Sophie Peckarsky, and the Wisconsin Liquor Company to Sam Pokrass and his associates, and the sale to Hyman Peckarsky and Sophie Peckarsky of the interests of the Wisconsin Liquor Company in the Racine Beverage Company, Sheboygan Liquor Company, and Badger Liquor Company.

On or about May 21, 1945, a partnership was formed by the individual defendants Hyman Peckarsky, Sophie Peckarsky, C. Irvin Peckarsky, and Joseph Lubar, to operate the business at Oshkosh, Wisconsin, commencing July 1, 1945, under the name of Wisconsin Liquor Company of Oshkosh. At the same time a similar partnership including Kenneth J. Biskner in place of Joseph Lubar, was formed to operate the business at Green Bay, Wisconsin, under the name of Wisconsin Liquor Company of Green Bay. Thereafter the agreements of May 18 and June 30, 1945, were canceled, rescinded, and terminated by agreements dated October 11, 1945, in which, among other things, it was agreed that the plaintiff in this action would make no objection to the use of the name Wisconsin Liquor Company of Oshkosh in the sale of merchandise in Outagamie, Winnebago, Calumet, Fond du Lac, and Manitowoc counties, and in intercompany transactions only, and in the case of the Green Bay Company the plaintiff would make no objection to the use of the name Wisconsin Liquor Company of Green Bay in the sale of merchandise in Florence, Marinette, Oconto, Brown, Door, Kewaunee, and Manitowoc counties, and in intercompany transactions only.

In the month of April, 1946, the partners doing business under the name of Wisconsin Liquor Company of Oshkosh, and under the name of Wisconsin Liquor Company of Green Bay, took steps to organize the respective defendant corporations. Certificates of incorporation were issued for each of the defendant corporations on May 13, 1946, and on or about July 6, 1946, the respective corporations acquired title to the property and business which had previously been conducted by the partners.

Gravamen of the plaintiff's complaint may be stated as follows: It is alleged, among other things, that at the time of the incorporation of the defendant corporations the individual defendants knew the value of the name Wisconsin Liquor Company, and knew that the public would be deceived by incorporation of companies bearing similar names, and that the adoption of the similar names was for the purpose of deceiving and defrauding the public and to obtain the use of the good will of plaintiff, as well as the right to do business generally throughout the state of Wisconsin and elsewhere. It is alleged also that the acts of the defendant corporations have confused, deceived, and defrauded the public, and damaged plaintiff's good will, and brought plaintiff's name into disrepute, which injury would be continuing. After the commencement of the actions it is alleged that the president of the plaintiff corporation learned of additional breaches of the contract and a supplemental complaint was served and filed pursuant to leave of court alleging the facts discovered subsequent to the commencement of the actions. The defendants answered and in response to the allegations of the complaint denied that any business was formally conducted in Oshkosh by the individual defendants but that the same was continued by them as a partnership lawfully operating under the name of Wisconsin Liquor Company of Oshkosh from July 1, 1945, to June 30, 1946. It is further alleged that by the agreement of May 18, 1945, referred to in the complaint, there was included as a part of the purchase of plaintiff's Green Bay and Oshkosh branches by Hyman Peckarsky and associates for a sum exceeding $127,000 in cash, a stipulation and agreement that Sam Pokrass did cause the Wisconsin Liquor Company to enter into a contract with Hyman Peckarsky, containing among other things the following provisions:

"The term 'Peckarsky Companies' as used herein shall include, and the contract shall bind, not only the Racine Beverage Company, the Sheboygan Liquor Company and the Badger Liquor Company, but any partnership, sole proprietorship or

any other form of business enterprise which may succeed to the business conducted by said companies and by the present Green Bay and Oshkosh branches of the Wisconsin Liquor Company. . . .

"The Wisconsin Liquor Company agrees that it will make no objection to the use by the Peckarsky Companies of the name 'Wisconsin Liquor Company of Oshkosh' and 'Wisconsin Liquor Company of Green Bay.'"

It is further alleged that thereafter the plaintiff requested of the defendant Hyman Peckarsky that a modification of said agreements of May 18th and June 30th be made, including, among other things, a territorial limitation of the right of said defendant and his associates to use the names Wisconsin Liquor Company of Green Bay, and Wisconsin Liquor Company of Oshkosh. That pursuant to said request a supplemental agreement dated October 11, 1945, being the agreement referred to in paragraph 5 of the plaintiff's complaint, was entered into, which contained the following clauses:

"Wisconsin Liquor Company agrees that it will make no objection to the use by the Peckarsky Companies of the names Wisconsin Liquor Company of Oshkosh and Wisconsin Liquor Company of Green Bay provided the Peckarsky Companies use the names, Wisconsin Liquor Company of Oshkosh and Wisconsin Liquor Company of Green Bay only in intercompany transactions among the various Peckarsky Companies and in the sale of merchandise in the following territories, to wit:

"The name Wisconsin Liquor Company of Green Bay in the counties of Florence, Marinette, Oconto, Brown, Door, Kewaunee, and Manitowoc, and the name Wisconsin Liquor Company of Oshkosh in the counties of Outagamie, Winnebago, Calumet, Fond du Lac, and Manitowoc."

There is in the pleadings much evidential and argumentative matter, the material parts of which will be referred to in the course of the opinion but will not be set out here.

The answer of the defendants was served on the 7th day of April, 1947. On the 15th day of May, 1947, the defendants gave notice in both actions that they would move the court

on May 23, 1947, for summary judgment in favor of the defendants dismissing the actions. No order was entered thereon. After the motions for summary judgment had been argued and while they were under advisement, the plaintiff moved for leave to file in each action a supplemental complaint. Leave was granted. In the supplemental complaints the plaintiff set out the clauses of the supplemental agreement dated October 11, 1945, already referred to and set out, and upon information and belief alleged that the defendants had violated the terms of the agreement of October 11, 1945, in certain enumerated particulars. On adverse examination of Hyman Peckarsky and C. Irvin Peckarsky the allegations contained in the supplemental complaint were specifically denied. Whereupon the defendants renewed their motions for summary judgment on the basis of all the pleadings, affidavits, and adverse examinations. The trial court in its opinion held:

"The original complaint filed herein fails to allege facts showing the sale of merchandise in the prohibited territory. The supplemental complaint, however, filed after leave granted, alleges upon information and belief that merchandise was sold within the specified prohibited territory. The allegations of plaintiff's supplemental complaint made upon information and belief are positively denied by the answer to the supplemental complaint and by affidavits of Hyman Peckarsky, one of the defendants in the above-entitled actions and secretary of the Wisconsin Liquor Company of Oshkosh and of the Wisconsin Liquor Company of Green Bay. . . . All allegations made upon information and belief in plaintiff's supplementary complaint and assertions in affidavits filed in support thereof based upon information and belief are positively and effectively refuted and denied by defendants' answer and affidavits. This positive and effective denial of plaintiff's allegations based upon mere information and belief brings this case within the rule stated in *Tregloan v. Hayden,* 229 Wis. 500."

Thus the trial court correctly disposed of the contention that there were sufficient facts shown to entitle the defendants to a trial on the question of breach of contract.

There remains for consideration and determination the contention of the plaintiff that as a matter of law the defendants were not acting within their rights under the contract in incorporating the Wisconsin Liquor Company of Oshkosh and the Wisconsin Liquor Company of Green Bay. The language upon which the plaintiff relies has already been set out.

It is not claimed by the plaintiff that the Oshkosh and Green Bay businesses might not be conducted by a partnership using the names Wisconsin Liquor Company of Oshkosh and Wisconsin Liquor Company of Green Bay. Its sole contention upon this point is that the businesses could not be incorporated under those names.

It must be remembered that the parties to these transactions were dividing a business theretofore conducted by the parties under the corporate name of Wisconsin Liquor Company. The contracts originally written, contained the following paragraph:

"9. The Wisconsin Liquor Company agrees that it will make no objection to the use by the Peckarsky Companies of the names 'Wisconsin Liquor Company of Oshkosh' and 'Wisconsin Liquor Company of Green Bay.'"

This provision was modified by the agreement entered into between the parties on October 11, 1945, in which, as the court correctly held, the territory within which such names might be used was that specified in the contract. As already stated the trial court held there is no substantial issue as to the violation of the terms of this agreement by the defendants so far as sales were concerned.

In the second paragraph of the original contract we find the following:

"The term 'Peckarsky Companies' as used herein shall include, and the contract shall bind, not only the Racine Beverage Company, the Sheboygan Liquor Company, and the Badger Liquor Company, but any *partnership, sole proprietorship, or other form of business enterprise* which may succeed to the business conducted by said companies and by the present Green Bay and Oshkosh branches of the Wisconsin Liquor Company."

We find no language in paragraph 2 of the original contract or in paragraph 9 as amended by the agreement of October 11, 1945, that in any way restricts the right of the Peckarsky Companies from continuing the businesses purchased by partnership, a sole proprietorship, or other form of business enterprise, which certainly includes a corporation.

The words "other form of business enterprise" can refer to nothing but the corporate form. It appears clearly that the parties had in mind that the businesses transferred to the defendants might be incorporated. Otherwise why include in the agreement the clause that if so incorporated they were to be bound by the contract?

*By the Court.*—Judgments affirmed.