PIAS, Appellant, vs. CITY OF RACINE, Respondent.

*March 5—March 31, 1953.*

For the appellant there was a brief by *Flynn & Greenquist* of Racine, and oral argument by *Kenneth L. Greenquist*.

For the respondent there was a brief and oral argument by *Thomas P. Corbett,* city attorney.

MARTIN, J. In ruling on defendant's motion for a directed verdict the trial court concluded, on the basis of *McCormick v. Racine* (1938), 227 Wis. 33, 277 N. W. 646, that plaintiff had failed to show an actionable defect in the sidewalk. It said:

"While the general area of the bridge and western approach for pedestrians would naturally excite one's prejudice against the city of Racine for permitting such an over-all condition to exist, the court is of the opinion that the depression and change in elevation at the point where plaintiff fell comes within the rule laid down in *McCormick v. Racine, supra,* and does not constitute such an insufficiency or want of repair as to come within the meaning of sec. 81.15, Stats."

The *McCormick Case* was before us on appeal from an order overruling a demurrer, and the only fact alleged regarding the defect was that "one of the cement squares of the sidewalk was raised above the square immediately adjacent thereto so as to constitute an obstruction, whereby the surface of the walk was abruptly raised two and three-eighths inches at that point." It was there held that this fact by itself "did not constitute an actionable insufficiency or want of repair within the meaning of sec. 81.15, Stats., as a matter of law, in the absence of other conditions or surrounding circumstances that would warrant finding that there was such an insufficiency or want of repair; . . ." But it was also pointed out that (p. 35):

" 'It will not do to rest the rule upon inches only. That is a factor in arriving at the result, but the other conditions and surrounding circumstances must also be considered.' *Johnson v. Eau Claire,* 149 Wis. 194, 198, 135 N. W. 481."

and that (p. 34):

" 'Generally speaking, insufficiency or want of repair in a highway is a question of fact for the jury, under instructions from the court as to what is meant by these terms in the statute. . . . And the question is always one for a jury, unless conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy; . . .' "

In this case the depression of one and seven-eighths inches between the two slabs of concrete was by no means the only condition or circumstance to be considered. Both squares

were cracked lengthwise in the center. The north half of one sloped down to the crack at a 20 per cent pitch and the west edge was tipped laterally at an angle of two and three-eighths inches per foot. William J. Chadwick, the city engineer, testified that the transverse pitch of the concrete portion of one of the blocks would not be in accordance with good engineering standards for reconstruction work, because "It is too difficult to walk on." The various angles of tipping or sloping

in both squares, as shown in the photograph, combined with the depression of one and seven-eighths inches between them at the center, present an entirely different condition than that considered in the *McCormick Case*, and the question of its insufficiency was for the jury.

Defendant further contends that plaintiff failed to establish how and why she fell. Her story of what happened is entirely credible and the jury had a right to, and did, believe it. There is some evidence that snow had fallen the previous night and

that the walk was wet or slushy, and while the jury was not asked whether or not that condition was the cause of plaintiff's fall, we must assume that it considered all the evidence in arriving at the conclusion that the proximate cause was the insufficiency and want of repair of the sidewalk itself.

*By the Court.*—Judgment reversed and cause remanded with instructions to enter judgment on the verdict.