KREJCI, Appellant, vs. LOJESKI, Respondent.

*January 9—February 5, 1957.*

For the appellant there was a brief by *Baumblatt & Goodman* of Racine, and oral argument by *Robert P. Goodman*.

For the respondent there was a brief by *Heft, Brown & Coates* of Racine, and oral argument by *Carroll R. Heft*.

STEINLE, J. The trial court held that the water shutoff valve which protruded one (1) inch above the public sidewalk was not a nuisance as a matter of law, and that the abutting landowner was not liable. It is that ruling which the plaintiff challenges on this appeal.

Abutting lot owners who obstruct or interfere with a road or sidewalk in such a way as to create a dangerous and defective condition are guilty of maintaining a nuisance. *Holl v. Merrill* (1947), 251 Wis. 203, 28 N. W. (2d) 363.

A nuisance may be based upon either negligent or intentional conduct. *Schiro v. Oriental Realty Co.* (1956), 272 Wis. 537, 76 N. W. (2d) 355.

The trial court's ruling which is under attack here was predicated largely on the decision in *Lindemeyer v. Milwaukee* (1942), 241 Wis. 637, 6 N. W. (2d) 653. Plaintiff on this appeal claims that the *Lindemeyer* decision was misin-

terpreted by the trial court. An analysis of the trial court's opinion does not lead to such conclusion. In the *Lindemeyer Case,* both the municipality and the abutting landowner were sued for damages claimed to have been sustained by the plaintiff when she stumbled and fell over a water box which extended two and one-fourth (2¼) inches above the sidewalk in front of the owner's premises. It was contended that such condition of the sidewalk constituted the maintenance of a nuisance. This court exonerated the abutting owner of any liability principally in view of the city's ordinances which required that such boxes be maintained free of defect by the municipally operated waterworks, and prohibited all persons from interfering with such boxes. It was said that as a matter of law the projection of the stop box for two and one fourth (2¼) inches above the level of the sidewalk was not an insufficiency or want of repair within the meaning of sec. 81.15, Stats., which makes a city liable for damages sustained "by reason of the insufficiency or want of repair" of a sidewalk. There was no claim under sec. 81.15, Stats. Mr. Justice ROSENBERRY, speaking for the court, stated (p. 643) :

"To hold that the obstruction in the street does not amount to an insufficiency and want of repair and therefore that the street is reasonably safe for public travel and then to hold that the obstruction amounts to a nuisance is a contradiction in terms."

The rationale of the *Lindemeyer Case* is that since the condition did not bear the essential marks of negligence, it could not be a nuisance.

In the case at bar the trial court stated:

"The plaintiff contends, however, that the *Lindemeyer Case, supra,* interprets the liability of the city of Milwaukee under section 81.15, Wisconsin statutes, and because no such duty or limitation is imposed by statute upon an adjoining property owner, that it, therefore, is not comparable to the situation in the case at bar, which alleges the maintenance

of a public nuisance. We do not agree with plaintiff's position. To constitute a public nuisance, the sidewalk must be found to be defective and dangerous. *Holl v. Merrill,* 251 Wis. 203, at page 207. *First National Bank & Trust Co. v. S. C. Johnson & Sons,* 264 Wis. 404. If the protrusion of the water valve could not, as a matter of law, amount to an insufficiency or want of repair in a suit against the city under section 81.15 of the Wisconsin statutes, it could not support a finding that the sidewalk was defective and dangerous so as to bring it within the purview of maintaining a public nuisance."

The trial court's logic is sound. Manifestly, if the condition was not an insufficiency or want of repair so as to constitute negligence for which the city would be liable, it cannot be held to have created a defective and dangerous condition so as to constitute a nuisance, for which the abutting landowner could be held.

It has long been recognized that any object, condition, or occurrence, within or outside the way, which materially and unlawfully interferes with the free and safe enjoyment of the public easement, constitutes a public nuisance. 25 Am. Jur., Highways, p. 565, sec. 262.

In *Schiro v. Oriental Realty Co. supra* (p. 546), this court approved of an observation in 65 Harvard Law Review, 984, that:

" 'As commonly used, it [nuisance] connotes a condition or activity which unduly interferes with the use of land or of a public place.' "

"Whether inequalities in the surface of the roadway, sidewalk, or other portion of the way constitute actionable defects depends upon their character and extent, and the surrounding circumstances. The test, ordinarily, is whether they are of such magnitude or extent as to be likely to cause injury to travelers who are proceeding with due care. . . . On the other hand, slight depressions, holes, and other in-

equalities in the pavement or sidewalk, and ruts in unpaved roads have in a number of instances been held not to constitute actionable defects." 25 Am. Jur., Highways, pp. 774, 775, sec. 488.

A municipality is not obligated to keep its streets or sidewalks at all times in a condition of absolute safety, but only reasonable safety for travel. *Kleiner v. Madison* (1899), 104 Wis. 339, 80 N. W. 453.

In *Pias v. Racine* (1953), 263 Wis. 504, 58 N. W. (2d) 67, it was held that in determining whether a defect in a sidewalk constituted an actionable insufficiency or want of repair, the depth in inches of a depression or changes in elevation is a factor to be considered, but other existing and surrounding circumstances must also be considered. While in that case the depression was only one and seven-eighths (1⅞) inches, this court held that in view of the existence of extensive lengthwise cracks in the squares of concrete surrounding the depression, the question of insufficiency with reference to all of the existing factors, was for the jury.

We perceive of no valid reason as to why the principles as above pointed out, ought not to apply to physical situations of like kind and be utilized to test claims when the maintenance of nuisance is charged against abutting landowners. In our opinion such principles are so applicable.

In the case at bar the projection is considerably less in height than was that in *Lindemeyer v. Milwaukee, supra.* It does not appear from the record that there were any surrounding conditions or circumstances which as part of or in connection with the shutoff valve box, created a dangerous condition which could be held to constitute a nuisance. We find no jury issue to exist.

We are constrained to hold that the trial court properly granted the motion of the defendant for summary judgment dismissing the complaint.

*By the Court.*—Judgment affirmed.