McCHAIN, Appellant, v. CITY OF FOND DU LAC,
Respondent.

*April 9—May 5, 1959.*

For the appellant there was a brief and oral argument by *A. D. Sutherland* of Fond du Lac.

For the respondent there was a brief and oral argument by *Frederick K. Foster,* city attorney, attorney, and *Kenneth E. Worthing* of Fond du Lac of counsel.

HALLOWS, J. The question to decide on appeal is whether or not there is an issuable question of fact which should be tried by a jury. The appellant argues that there is an issue of fact (1) as to the depth of the depression and the surrounding circumstances, and (2) whether the depression was made at the time the sidewalk was laid or whether the depression was caused by the subsequent sinking of the metal box. The affidavit in support of the motion states the depression was $\frac{3}{4}$ inch deep and the box sank after being adjusted to the level of the sidewalk. The counteraffidavit on information and belief states the depression was 1 to $1\frac{1}{2}$ inches deep and concrete was poured about the box so that it could not and did not settle and was below the level of the sidewalk when the sidewalk was laid.

In the recent case of *McNally v. Goodenough* (1958), 5 Wis. (2d) 293, 92 N. W. (2d) 890, this court stated an affidavit on information and belief was not alone sufficient to prevent summary judgment and did not satisfy the requirement of sec. 270.635 (2), Stats. In *Edwards v. Gross* (1958), 4 Wis. (2d) 90, 90 N. W. (2d) 142, this court held that a counteraffidavit in which the affiant stated she verily believed certain matters to be a fact actually stated ultimate facts or legal conclusions rather than evidentiary facts and did not comply with the statute. Affidavits which merely state conclusions of law are insufficient to either support or to prevent the granting of summary judgment. *Schau v. Morgan* (1942), 241 Wis. 334, 6 N. W. (2d) 212; *Madigan v. Onalaska* (1950), 256 Wis. 398, 41 N. W. (2d) 206.

Sec. 270.635 (2), Stats., requires the opposing party to a motion for summary judgment by affidavit or other proof to show facts which the court shall deem sufficient to entitle him to a trial. Construing this statute this court has held that "other proof" means something besides the allegations in the pleadings. *Laughnan v. Griffiths* (1955), 271 Wis. 247, 73 N. W. (2d) 587; that an affidavit on information and belief opposing an affidavit on knowledge of evidentiary facts does not show facts which this court deems sufficient to entitle the opposing party to a trial. *Tregloan v. Hayden* (1938), 229 Wis. 500, 282 N. W. 698; *Wisconsin Liquor Co. v. Peckarsky* (1948), 252 Wis. 503, 32 N. W. (2d) 249.

The facts shown by an opposing affidavit upon information and belief are generally not deemed sufficient to raise a jury question against positive contradictory evidentiary facts established by an affidavit of one who has personal knowledge of such facts. An affidavit on information and belief is an anomaly. It is not an affirmance on knowledge. It is not proof which would be admitted in evidence on a

trial of the issue. The most such an affidavit does is to affirm that the affiant was informed and believes a fact to be true. The proof of the fact is not within the affidavit. Facts are established on knowledge, not on information and belief. Situations might arise where a person, who cannot be adversely examined before trial and who possesses personal knowledge of a particular fact set forth in the affidavit in support of a motion for summary judgment, might refuse to execute an affidavit. If such a situation should arise, the party opposing the motion for summary judgment, or his attorney, should file an affidavit stating such facts, including the name of such person, and aver that he desires to subpoena and examine such person as a witness at the trial.

There is no showing in this case that the appellant desired to have an adverse examination after issue joined, which is authorized by the statutes. The appellant merely claimed she is entitled to a trial to see what can be brought out in the examination and cross-examination of witnesses. This is not sufficient to entitle the appellant to a trial. The procedure suggested in *Leuchtenberg v. Hoeschler* (1955), 271 Wis. 151, 72 N. W. (2d) 758, should have been followed.

Under the pleadings and the affidavits before us we do not find any substantial issue of fact as to the depth of the depression. We agree with the trial court that we must consider the depression as being ¾ of an inch deep and that there were no surrounding conditions or circumstances in reference to such a depression which were of a material nature. The depression was a flat surface 14 inches square and located at the extreme edge of the sidewalk next to the curb, about 3 feet from the walk light on a corner. There is nothing in the size, shape, or location of the depression to make these factors material.

The respondent's liability is solely statutory under sec. 81.15 for an insufficiency or for want of repair. The question is not the negligence of the municipality but what

amounts to insufficiency or want of repair as those words are used in the statute. Sidewalks are not required to be perfect or absolutely safe but only reasonably safe. *McCormick v. Racine* (1938), 227 Wis. 33, 277 N. W. 646; *Krejci v. Lojeski* (1957), 275 Wis. 20, 80 N. W. (2d) 794. Applying this rule of reason this court has held many times that slight depressions or obstructions in a sidewalk do not prevent such a sidewalk from being considered reasonably safe as a matter of law: *Lindemeyer v. Milwaukee* (1942), 241 Wis. 637, 6 N. W. (2d) 653, 2¼-inch projection of a water-shutoff box located in a sidewalk; *Krejci v. Lojeski* (1957), 275 Wis. 20, 80 N. W. (2d) 794, a water-shutoff valve protruded an inch above the sidewalk; *Padden v. Milwaukee* (1921), 173 Wis. 284, 181 N. W. 209, a 1⅝-inch pipe projection above and in the surface of a sidewalk; *Kleiner v. Madison* (1899), 104 Wis. 339, 80 N. W. 453, plank cleats nailed to surface of a pine apron over a cement walk leaving an abrupt difference of 2 inches between the covering and the sidewalk; *Kawiecka v. Superior* (1908), 136 Wis. 613, 118 N. W. 192, 2-inch planks nailed across the sidewalk; *Van der Blomen v. Milwaukee* (1917), 166 Wis. 168, 164 N. W. 844, a difference in elevation in cement-sidewalk blocks of about 1¼ inches; *McCormick v. Racine* (1938), 227 Wis. 33, 277 N. W. 646, 2⅜-inch difference in elevation between blocks of sidewalk; *Hollan v. Milwaukee* (1921), 174 Wis. 392, 182 N. W. 978, a cobblestone projecting 1⅛ to 2 inches above surface of crosswalk; *Snyder v. Superior* (1911), 146 Wis. 671, 132 N. W. 541, a 2-inch drop from a sidewalk to a 30-inch-wide planked alley crosswalk in the main line of the foot travel; *Ross v. Shawano* (1923), 179 Wis. 595, 191 N. W. 970, depression of 2¼ inches in cement-sidewalk block.

In *Pias v. Racine* (1953), 263 Wis. 504, 58 N. W. (2d) 67, where there was a depression of 1⅞ inches between the

slabs of a concrete walk, this court held that the question of the insufficiency of the sidewalk was for the jury because of other material circumstances. The court pointed out that both of the squares of the concrete were cracked lengthwise in the center and that ½ of 1 square sloped to the crack at a pitch of 20 per cent and another edge laterally tipped at an angle of 2⅜ inches per foot and that such a condition presented an entirely different condition than was presented in *McCormick v. Racine, supra,* where the only factor was a difference of 2⅜ inches in the elevation between the blocks of the sidewalk.

In *McCormick v. Racine, supra,* the fact that the depression was on a street much traveled by the public did not render the difference actionable in the absence of an allegation of some other condition or surrounding circumstances bearing upon the issue. Likewise the location of a hole 1½ inches deep in a street was held to be not actionable as a matter of law notwithstanding the depression was located where many people were getting on and off cars. *Burroughs v. Milwaukee* (1901), 110 Wis. 478, 86 N. W. 159. We must conclude, therefore, that the depression in this case was not actionable as a matter of law.

Since such depression is not actionable as a matter of law it is immaterial whether the depression was made when the sidewalk was laid or whether the depression developed thereafter by the sinking of the box.

While the complaint was not framed on the theory of a nuisance the appellant argues it may be sustained on that theory. We cannot agree with this contention. Where a defect does not constitute an insufficiency or want of repair of a street as a matter of law, such defect cannot logically amount to a nuisance. *Lindemeyer v. Milwaukee, supra; Krejci v. Lojeski, supra.* Furthermore, the duty to maintain a sidewalk is a governmental function. Since the metal

junction box was a part of the sidewalk and the appellant was making use of the sidewalk for the purpose for which it was intended the relationship of governed and governor existed and the respondent city is not liable under the doctrine set forth in *Laffey v. Milwaukee* (1958), 4 Wis. (2d) 111, 89 N. W. (2d) 801.

*By the Court.*—Order affirmed.