BECKER, Respondent, v. CITY OF LA CROSSE, Appellant.

*February 3—March 8, 1960.*

For the appellant there was a brief and oral argument by *John K. Flanagan,* city attorney, and *William J. Sauer,* assistant city attorney.

For the respondent there was a brief by *Hale, Skemp, Hanson, Schnurrer & Sheehan* of La Crosse, and oral argument by *T. H. Skemp.*

FAIRCHILD, J.   In order for the city to have been entitled to summary judgment, the evidentiary facts set out in its affidavits must have established a defense sufficient to defeat the plaintiff.   Even then, summary judgment was not to be granted if plaintiff showed facts which the court deemed sufficient to entitle plaintiff to a trial.   Sec. 270.635(2), Stats.

1. *Whether defect was nonactionable as a matter of law.* The city argues that its affidavits establish that as a matter of law, the depression in the crosswalk did not constitute an insufficiency or want of repair under sec. 81.15, Stats.

A civil engineer employed by the city made an affidavit that he had surveyed the area in question, and included a drawing of his survey made by another.   He asserted that "no abrupt difference in elevation existed at that time exceeding .15 foot." (1.8 inches).   The drawing indicates an area where there was a hole in the black-top with the bricks exposed.   The hole measured 3.2 feet along its north side

(within the crosswalk), 2.0 feet along its west side, and 3.7 feet along its east side. Its southerly side (outside the crosswalk) was represented as two segments, one at right angles with the west side and 1.0 foot long, and the other

at an angle with no dimension given. The drawing further shows elevations taken at the five corners of the hole, and at two intermediate points on the west and east boundaries of it. Four of the points measured were within the crosswalk. The difference in elevation shown at these four points varied from .09 feet to .15 feet. There was no indication of any elevations taken except at the edges of the hole. In addition, the affidavit of the director of public works of the city incorporated pictures of the defect, one of which is reproduced. It should be noted that the white line shown in the picture was painted after the accident. The complaint alleged that the depressed area was approximately 3 inches

in depth. In an affidavit, plaintiff's husband asserted that he inspected the scene of the accident two hours after it happened and "found that at its greatest depth said hole measured the width of affiant's hand which is approximately 4 inches." The affiant also asserted that the hole was of variable depths with bricks exposed in some places, and that the bricks were irregular. Plaintiff's son stated in an affidavit that he inspected the hole the following morning; that he measured the hole and found it in excess of 3 inches in depth at its deepest point; that the exposed bricks were irregular and depressed.

The city apparently considers the depth of the hole immaterial except for the abrupt change in elevation at its edges. The city offered no measurement to dispute the statements of plaintiff's affiants that there were portions of the hole which were as deep as 3 or 4 inches. The city relies upon several decisions of this court, that a 2-inch difference in elevation is not actionable as a matter of law. Those decisions, and others, are listed in *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 292, 96 N. W. (2d) 607.

Here, however, we do not have a single abrupt change in elevation, but a hole 3.2 feet long in the direction followed by a pedestrian using the crosswalk, extending 1.0 foot into the crosswalk, with the abrupt changes in elevation mentioned at each end, and (according to plaintiff's affidavits) with a rough and irregular bottom as much as 3 to 4 inches below the top of the pavement in some places.

In *Pias v. Racine* (1953), 263 Wis. 504, 507, 58 N. W. (2d) 67, we quoted, with approval, from *McCormick v. Racine* (1938), 227 Wis. 33, 34, 277 N. W. 646, and previous cases therein cited, as follows:

" 'Generally speaking, insufficiency or want of repair in a highway is a question of fact for the jury, under instructions from the court as to what is meant by these terms in

the statute. . . . And the question is always one for a jury, unless conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy; . . ."

"It will not do to rest the rule upon inches only. That is a factor in arriving at the result, but the other conditions and surrounding circumstances must also be considered." *Johnson v. Eau Claire* (1912), 149 Wis. 194, 198, 135 N. W. 481.

In the *Pias Case,* there was a depression of 1⅞ inches between the slabs of a concrete walk, and the question of the insufficiency of the sidewalk was held to be one for the jury because of other material circumstances.

We conclude that in the case now before us, the question of whether the defect pictured and described in the affidavits was an insufficiency or want of repair under sec. 81.15, Stats., is a jury question.

The city claims that because of a higher standard of care with respect to sidewalks than with respect to crosswalks, a defect which would be actionable if occurring in a sidewalk might not be actionable if occurring in a crosswalk, citing 19 McQuillin, Mun. Corp. (3d ed.), p. 140, sec. 54.39. Doubtless the ordinarily prudent pedestrian does not expect the surface of a street to be as free of irregularity as a sidewalk, but we do not think that the difference in standard of care can be measured as a matter of law. We have recognized liability to pedestrians in cases where the offending defect was in the street in a region where a pedestrian would reasonably be expected to travel. *Hales v. Wauwatosa* (1957), 275 Wis. 445, 449, 82 N. W. (2d) 301.

*2. Notice to the city of the defect.* Upon this point, the affidavit of the director of public works asserted—

"That the records of the city of La Crosse show that on July 9, 1958, two days prior to the alleged injury to the

plaintiff, the depression in the south crosswalk of Fourth and Main streets was properly repaired with asphalt patching by city employees."

Affiant further asserted that heavy traffic disturbed the patching and reopened the depression. An affidavit on summary judgment must state evidentiary facts. The statement quoted expresses the conclusion of the affiant drawn from his examination of records. At the least, the affidavit should have identified the record and quoted the applicable portion. Even if we were to assume, however, that records indicating repair were properly before the court, plaintiff's husband stated that when he examined the hole on the night of the accident, there was no evidence of any material having been recently placed in said hole, and plaintiff's son stated that on the following morning he observed no material about the hole which indicated any recent repair. There was also an affidavit of a road-construction contractor specializing in the use of asphalt for road surfacing, and familiar with the use of asphalt in road construction and repair. Affiant stated that if the proper mixture of asphalt were properly used in the repair of a hole in the city street where heavy traffic existed, it could not be destroyed, and the hole re-created within three or four days after the repairs had been made.

Granting that the city records referred to in the director's affidavit would be evidence that the hole was repaired two days before plaintiff's injury, the opinion of plaintiff's expert would be evidence that it could not have been properly repaired at that time, and thus it appears that there is an issue of fact to be tried.

*By the Court.*—Order affirmed.