301 So.2d 201

**Dorothy Elizabeth AHLSTEDT**

v.

**Frank V. POTTS, as Chairman, Alabama Alcoholic Beverage Control Board, et al.**

**Civ. 387.**

Court of Civil Appeals of Alabama.

Oct. 2, 1974.

Joe S. Pittman, Enterprise, for appellant.

Steagall & Adams, Ozark, for appellees.

BRADLEY, Judge.

On March 28, 1974 the Alabama Alcoholic Beverage Control Board suspended for forty-five days the off-premises beer license of appellant. Appellant then asked the Circuit Court of Montgomery County to issue a writ of certiorari to the Board so that she might obtain a review of the suspension of her license. The writ was issued, and, after review of the record, the circuit court upheld the action of the Board. This appeal is from that judgment.

The record shows that after a hearing, the ABC Board found that appellant or her employees had sold beer to minors on three separate occasions between June 7, 1973 and September 21, 1973. There was also a finding that appellant had refused, " . . . duly commissioned officers the right to completely inspect the licensed premises."

The primary argument made by appellant to support her contention that the Board erred in suspending her beer license is that there is a lack of evidence or insufficient evidence to support the Board's findings.

With reference to the charge made against appellant of selling beer to minors, the evidence shows that on June 7, 1973 Vernon Thomas, a police officer of Level Plains, Alabama, observed James W. Foster, a nineteen year old male, coming out of appellant's place of business with a paper sack in his possession. Foster was questioned as to the contents of the sack and admitted that it contained a six-pack of beer which had been sold to him by the appellant. Foster was taken to the police station and charged with the offense of possession of beer by a minor.

On September 14, 1973 eighteen year old Dennis M. Manecke was seen by Officer Thomas leaving appellant's place of business with beer in his possession. Mr. Manecke stated that the beer had been sold to him by appellant's husband.

On September 21, 1973 Officer Thomas observed Randal E. Riley, a twenty year old male, emerge from appellant's place of business with a paper sack that contained beer. Mr. Riley identified William A. Leach, an employee of appellant, as being the person from whom he purchased the beer. Mr. Leach admitted selling the beer to Mr. Riley, but contended that Riley had presented identification showing he was twenty-one years old.

Melvin D. Benefield, another Level Plains police officer who was with Officer Thomas on two of the occasions mentioned above, confirmed the testimony of Thomas.

As to the charge of refusing duly commissioned officers the right to completely inspect the licensee's premises, the evidence shows that Officers Thomas and Benefield went to appellant's place of business for the sole and only purpose of giving her a summons for selling beer to a minor, i. e., selling beer to Mr. Riley.

On the night of September 21, 1973 Officers Thomas and Benefield drove up to appellant's place of business to serve her with a summons to answer the charge of selling beer to a minor, and they testified that upon their arrival the lights were turned off and the front door closed. They also said that appellant gave them a good cursing and told them they were not welcome on her property.

However, after talking to appellant for a few minutes, the officers gained entrance to the building and informed appellant that if she did not sign the summons they would have to arrest her and take her to jail. The charge was selling beer to a minor, i. e., Riley.

About this time appellant's husband, who was stated to be under the influence of intoxicants, presented what the officers took to be a shotgun, and threatened to shoot Officer Thomas. The husband was persuaded to put the gun down and shortly thereafter appellant signed the summons and the officers departed.

This court in Phelps v. Public Service Comm., 46 Ala.App. 13, 237 So.2d 499, speaking through Judge Wright, said:

" . . . A reviewing court is without authority to disturb a finding of fact by a lower tribunal, due to the limited nature of the review on certiorari. However, where the contention is advanced, as was done by the commission in its petition for certiorari, that the evidence was not sufficient or that there was no evidence to support the findings, then there is error as a matter of law, which can be reviewed by the court on certiorari. [Citations omitted.]

" . . . The function of the court on certiorari is restricted to an examination into the external validity of the proceeding. When the court examines the evidence, it does so to determine whether the evidence will justify the finding of the lower tribunal. . . . "

In reviewing the two charges made against appellant, the circuit court concluded that there was sufficient evidence to warrant an affirmation of the Board's findings.

■ After a careful examination of the evidence set out in the record before us, we are convinced that there is sufficient evidence to support the charge of selling beer to the three minors heretofore mentioned and the Board's findings in this aspect of the case must be upheld. However, we are also constrained to say that we do not believe that there is any evidence to sustain the charge of refusing duly commissioned officers the right to inspect the appellant's business premises.

■ The applicable statute relating to this charge is Section 54 of Title 29, Code

of Alabama 1940, as Recompiled 1958, and it provides in pertinent part as follows:

" . . . Any person, firm or corporation, subject to any of the taxes levied under the provisions of this chapter, . . . who upon demand of the board, or of any officer or agent of the board, refuses to allow full inspection of the premises or any part thereof, or who shall hinder or in any wise delay or prevent any such inspection when demand is made therefor, . . . shall be guilty of a misdemeanor and upon conviction shall be fined not less than one hundred dollars, nor more than two hundred dollars, for each offense, or may be imprisoned in the county jail for a period not exceeding ninety days, or both, in the discretion of the court."

The officers, Thomas and Benefield, testified that their sole purpose in going to appellant's place of business on September 21, 1973 was to serve a summons on her to answer the charge of selling beer to a minor. There was no pre-planned purpose on the part of the officers to "inspect" the premises, nor was there any effort to do so once they arrived at the business establishment. Consequently, we are of the opinion, and so hold, that there is a complete absence of evidence to support the charge of refusing to permit duly authorized officers the right to inspect the premises.

Inasmuch as appellant's license was suspended for forty-five days after she had been found guilty on two charges, we must consider the possibility that the length of the suspension was influenced by the guilty finding on both charges. This being the case, we believe the matter should be returned to the ABC Board for reconsideration of the penalty imposed, as we have concluded that appellant was shown to be guilty only of selling beer to minors. Pias v. City of Racine, 263 Wis. 504, 58 N.W.2d 67. Our conclusion is based on the premise that the authority for revoking or suspending a license to sell beer has been reposed in the ABC Board and the determi-

nation as to the length of any suspension is a prerogative of said Board which must be exercised by it alone.

The judgment of the circuit court is reversed and the case remanded to it for further remandment to the ABC Board for proceedings in accordance with this opinion.

Reversed and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.