Champeau and others, Appellants, vs. Village of Little Chute, Respondent.

*February 6—March 5, 1957.*

258

For the appellants there was a brief by *Cain & Herrling* of Appleton, and oral argument by *Don R. Herrling.*

For the respondent there was a brief by *Van Susteren & Bollenbeck* of Appleton, and oral argument by *Urban P. Van Susteren.*

BROWN, J.   While we cannot agree with the learned trial court in all its conclusions, we consider that it reached the right result and its judgment must be affirmed.

In *Flamingo v. Waukesha* (1952), 262 Wis. 219, 55 N. W. (2d) 24, we reviewed many Wisconsin actions in which liability was sought to be imposed on municipalities for injuries arising out of the exercise of their governmental functions.   We concluded there that the maintenance of a municipal dump is a governmental function and we held (p. 224) :

". . . Wisconsin municipalities avoid liability for damage caused by their negligence in carrying out governmental functions where they have not created a nuisance in fact, and even where such a nuisance has been created, liability is not imposed if the relationship of governor and governed exists between the municipality and the injured party."

From this it appears that the village of Little Chute would be liable for William's injuries if they were caused by the creation and continuance by defendant of a nuisance in fact *and* at the time of the accident the relationship of governor and governed did not exist between the parties.   In our view that relationship did not exist.   The two boys were using the dump as a place to play, which is completely outside the purpose of the village in establishing it.   They were not availing themselves of any of the facilities which the dump was intended to provide.   As in the *Flamingo Case, supra,* we held that the governor-and-governed relationship did not apply to a boy playing on a snow pile created by the city in cleaning

streets, so here we consider that no such relationship arose when William played on the rubbish dump.

The evidence supports the finding that the manner in which the village maintained and operated the dump constituted it a nuisance, but that, we think, does not make the village liable for each and every injury occurring there or traceable to the existence of the dump. Essential to liability, a proximate cause of the injury must be one or more of those conditions upon which the finding of nuisance rests. We consider that the "nuisance exception" to the general rule which exempts municipalities from liability for injuries caused by their negligence in their performance of governmental functions demands a showing not only that a nuisance was created but that those acts or defaults which caused the nuisance to exist also had a causal connection with the injury complained of.

In the present case the evidence upon which the finding of nuisance rests shows that the dump frequently caught on fire, litter from it blew onto surrounding private property, it formed a haven for rats and flies, and it produced unpleasant odors. William's injuries are attributable to none of these conditions. The abatement of every one of them and the consequent abatement of the nuisance itself would not have affected the occurrence of this accident in the least. The only connection of the injury with the dump is that the boys found the stove there. The very considerable labor they afterwards went to to produce the injury demonstrates that in so far as the dump may have been a nuisance those conditions did not contribute to the accident. A causal connection between the injury and the conditions creating the nuisance appears to us to be absent. Consequently the judgment dismissing the complaint was properly granted.

*By the Court.*—Judgment affirmed.