FRANCKE, Appellant, v. CITY OF WEST BEND, Respondent.

*January 13—February 7, 1961.*

For the appellant there was a brief by *Marth & Marth* of West Bend, and oral argument by *William J. Marth*.

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen M. O'Meara*.

BROADFOOT, J.  Apparently the plaintiff argued before the circuit court that the city was engaged in a proprietary function when maintaining a drain or sewer and that it would be liable for a nuisance created and maintained when engaged in such proprietary capacity.  The only allegation in the complaint as to the activity of the employees of the city just prior to the time of the accident is that they were engaged in removing an obstruction from within a municipal storm sewer or drain and that plaintiff stepped into it while crossing a street in said city.

It is a matter of common knowledge, and we take judicial notice thereof, that storm sewers and the drains or catch basins in connection therewith are constructed and maintained for the purpose of disposing of surface water upon streets and highways.  Maintenance of streets is a governmental function.  Plaintiff was injured while crossing the highway and therefore the relationship of governor and governed existed at the time of plaintiff's injury.  Municipal corporations are not liable for nuisances when the relationship of governor and governed exists between it and the injured person.  *Smith v. Jefferson,* 8 Wis. (2d) 378, 99 N. W. (2d) 119; *Laffey v. Milwaukee,* 4 Wis. (2d) 111, 89 N. W. (2d) 801; *Champeau v. Little Chute,* 275 Wis. 257, 81 N. W. (2d) 562; *Flamingo v. Waukesha,* 262 Wis. 219, 55 N. W. (2d) 24.

The trial court was correct in its determination on that particular issue.  However, upon the argument before this court the suggestion was made that plaintiff alleged a cause of action under the provisions of sec. 81.15, Stats., because the open manhole or drain constituted a defect in the highway.  The complaint alleges that the plaintiff on March 6, 1959, duly filed with and notified the defendant city of his claim for damages as stated in the complaint.  Plaintiff stated that the notice referred to in the complaint was sufficient to comply with the statutory notice required by

sec. 81.15. A copy of the notice was not attached to the complaint and therefore does not appear in the record on file with this court and we are unable to pass upon the sufficiency thereof.

When the sufficiency of a complaint is challenged by a demurrer the most-liberal interpretation possible must be given to the allegations of fact therein. Every reasonable inference and presumption is to be made in favor of it and if, after applying that test, any fact is established upon which plaintiff can recover, a demurrer thereto should be overruled. *Cargill Coal Co. v. Valentine,* 275 Wis. 598, 82 N. W. (2d) 883; *Milwaukee v. Hurless,* 7 Wis. (2d) 608, 97 N. W. (2d) 399.

Upon remand of the record if the notice does not comply with the statute, the defendant can raise the issue by its answer.

*By the Court.*—Order reversed.