RICHARDS and wife, Respondents, v. STATE (Highway Commission), Appellant.

*October 6—October 31, 1961.*

For the appellant the cause was argued by *A. J. Feifarek*, assistant attorney general, with whom on the brief were *John W. Reynolds*, attorney general, and *William H. Wilker*, assistant attorney general.

For the respondents there was a brief by *Bogue & Sanderson* of Portage, and oral argument by *David Bogue*.

BROWN, J. Plaintiffs own a farm in Columbia county. The State Highway Commission condemned a strip 300 feet in width, running approximately north and south through the farm, for the construction of an interstate highway. A town road running east and west already lay along the north boundary of plaintiffs' land. This road would intersect the interstate highway and, to improve the town road and bring it across the interstate highway by an overpass to be constructed, the commission condemned an additional part of the farm adjoining the town road.

Interstate highway cut off a substantial part of the farm from the remainder, including the farm buildings. Plaintiffs now have to travel a circuitous route via the town road and overpass to go from the buildings to portions of the farm which lie on the far side of the interstate highway. Plaintiffs produced credible evidence tending to prove that

operation of the farm which plaintiffs retained, divided into two segments thus separated by the construction of the interstate and the town highways, was attended with very substantial inconveniences. For example, stock pastured in the fields beyond the highway could not well be adequately supervised and guarded, nor given water, nor conveniently brought back to the barnyard at nightfall. The convenient, efficient use of vehicles and farm machinery in cultivating the crops in the severed portion was also substantially impaired.

In its charge to the jury the trial court directed the jury to find (1) the fair market value of the Richards' farm, considered as a whole and including the parcel taken for highway purposes, immediately before such taking, and (2) the fair market value of the farm, considered as a whole and excluding the parcel taken immediately after such taking. Appellant does not object to that part of the instructions but does insist that the court erred when it charged as follows:

"Damages resulting from the inconvenience occasioned by the construction work does not constitute a compensable item in the sense that you will separately find that damage, but it is an item to be taken into consideration by you in determining the value of the property after the taking."

This court has considered substantially the same issue in *Carazalla v. State* (1955), 269 Wis. 593, 70 N. W. (2d) 208, 71 N. W. (2d) 276. Mr. Justice CURRIE, speaking for the court, gave as the second issue to be decided in *Carazalla* (p. 597):

"(2) Was it error for the trial court to refuse appellants' request for an instruction which would have required the jury to disregard all evidence as to damages for the alleged inconvenience caused the Carazallas, or a prospective buyer, during the construction of the new highway?"

In referring to damage resulting from inconvenience occasioned by the construction work the trial judge in *Carazalla* had ruled (p. 607):

" 'It is not a compensable item in the sense that the jury will be called upon separately to find that damage, but it is an item to be taken into consideration in determining the value of the property after the taking. . . .

" 'It is an inconvenience that must be contemplated at the time the person buys, and it is within the purview and within the thought and mind of a person who buys at the time he buys immediately after the taking.' "

This court approved that ruling.

The first paragraph of the above ruling on evidence is practically identical to the jury instruction given by Judge HANSON.

Although, on rehearing, in certain other respects we modified the *Carazalla* opinion, the modifications did not affect our expression of the law in this particular. However, appellant appears to believe that we intended to withdraw our approval of the consideration of this element of damage but "inadvertently" omitted to do so.

We disclaim the intention and the inadvertence which appellant assigns to us. We adhere to our previous approval of the proposition that, when a portion of an owner's real estate is seized by the state by eminent domain, damages resulting from the inconvenience occasioned by the construction work, although not constituting a separate compensable item of damage, is an item properly considered by the jury in determining the value of the remaining property after the taking. Accordingly we find no error in the learned trial court's instruction to the jury.

*By the Court.*—Order affirmed; judgment affirmed.