Hoene and another, Appellants, v. City of Milwaukee, Respondent.

*June 4—June 29, 1962.*

For the appellants there was a brief by *Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Moerke* and *Mr. Odenbrett.*

GORDON, J.   The appellants contend that the damage to their real estate abutting West Blue Mound road was caused by the city's failure to construct and repair that street in a manner sufficient to withstand heavy traffic. They argue that the city is liable to them for damages under sec. 81.15, Stats. The city contends that the statute imposes on it a duty

only with respect to travelers on the street and does not impose any duty on the city with respect to adjoining landowners.

Sec. 81.15, Stats., provides in part that:

"If damages happen to any person *or his property* by reason of the insufficiency or want of repairs of any highway which any town, city, or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city, or village, . . ." (Emphasis supplied.)

A provision similar to sec. 81.15, Stats., first appeared in R. S. 1849, ch. 16, sec. 103. The 1849 statute provided that:

"If any damage shall happen to any person, his *team, carriage, or other property,* by reason of the insufficiency or want of repairs of any bridge, or sluiceway or road in any town in this state, the person sustaining such damages shall have a right to sue for and recover the same against such town, . . ." (Emphasis supplied.)

The predecessor to the present sec. 81.15, Stats., was consistently construed to apply only to travelers upon streets or sidewalks. *LeMay v. Oconto* (1938), 229 Wis. 65, 281 N. W. 688 (defective sidewalk); *Collins v. Janesville* (1901), 111 Wis. 348, 87 N. W. 241 (defective sidewalk); *Reed v. Madison* (1892), 83 Wis. 171, 53 N. W. 547 (defective sidewalk); and *Harper v. Milwaukee* (1872), 30 Wis. 365 (defective highway). In the *Harper Case* the court, at page 371, stated that:

"The statute only gives an action for damages sustained in using the highway for the purposes for which a highway may lawfully be used. If the highway is not in a reasonably safe condition for travel, and a traveler upon it, who is himself free from negligence, is injured by reason of the same being out of repair, an action for such injury may be maintained by virtue of the statute, but in no other case."

In 1943 the legislature, pursuant to a general revision of all statutes dealing with highways, amended sec. 81.15, Stats., by striking out the words "his team, carriage, or other property" and substituting therefor the words "or his property." Ch. 334, sec. 74, Laws of 1943. The original revision bill, which included the amendment in question here, was prepared by the revisor of statutes. See Bill No. 289, S.

The appellants argue that by the 1943 amendment to sec. 81.15, Stats., the legislature intended to broaden the basis for recovery under the statute so as to include damage caused to real property abutting a defective street. Concededly, the word "property" in the amended statute is broad enough to include both real and personal property. In addition, the deletion of the specific examples of personal property, *i.e.*, "team" and "carriage" obviates the application of the principle of *ejusdem generis*. Thus, it is plausible to argue that the 1943 legislature intended a substantive change broadening liability. However, a more-reasonable explanation of the amendment is that the revisor of statutes was merely eliminating some anachronistic terminology. Part of the work of the revisor is to eliminate such terminology from statutes. *Muldowney v. McCoy Hotel Co.* (1936), 223 Wis. 62, 269 N. W. 655.

We conclude that the 1943 legislature did not intend any substantive changes in sec. 81.15, Stats.; that the statute applies only to travelers upon the highway; and that the word "property" refers only to personal property which is used in such travel. Accordingly, the appellants have no basis for recovery under sec. 81.15, and the trial court correctly granted summary judgment on that alleged cause of action.

The appellants' second cause of action is based on private nuisance. They argue that the city, by its negligence in failing to construct West Blue Mound road so as to withstand heavy traffic, created and maintained a nuisance which

caused the appellants' damage. The city contends that it cannot be liable for a defective street except under sec. 81.15, Stats., which section does not cover the appellants' situation. Furthermore, the city points out that West Blue Mound road is used as a means of access to the appellants' premises by themselves and also by their customers; since the appellants are obtaining the benefit of the street, they stand in the relationship to the city of governor to governed.

Private nuisance is a term applied to an unreasonable interference with the interests of an individual in the use or enjoyment of land. The interference may result from negligent conduct. *Wisconsin Power & Light Co. v. Columbia County* (1958), 3 Wis. (2d) 1, 10, 87 N. W. (2d) 279; *Schiro v. Oriental Realty Co.* (1956), 272 Wis. 537, 545, 76 N. W. (2d) 355. See Restatement, 4 Torts, p. 221, ch. 40, and Prosser, Law of Torts (2d ed.), pp. 389–391, sec. 70.

Because this claim arose prior to the effective date of our decision in *Holytz v. Milwaukee,* ante, p. 26, 115 N. W. (2d) 618, the new rule of municipal tort liability enunciated in that case is inapplicable. The doctrine of municipal tort immunity which existed previous to the *Holytz Case* applies. Even under that doctrine, Wisconsin municipalities were liable for private nuisance whether acting in a governmental or a proprietary capacity. However, if a municipality was acting in a governmental capacity, and the municipality and the injured party stood in the relationship of governor to governed, no liability for nuisance existed. *Laffey v. Milwaukee* (1958), 4 Wis. (2d) 111, 89 N. W. (2d) 801, and *Flamingo v. Waukesha* (1952), 262 Wis. 219, 55 N. W. (2d) 24. See also Comment, Liability of Wisconsin Municipalities for Nuisance, 45 Marquette Law Review (1961), 90.

There has been language in some cases which has indicated that a municipality's sole liability for defective streets is that

imposed on it by sec. 81.15, Stats. For example, in *Lindemeyer v. Milwaukee* (1942), 241 Wis. 637, 643, 6 N. W. (2d) 653, the court stated that:

"To hold that the obstruction in the street does not amount to an insufficiency and want of repair [under sec. 81.15, Stats.] and therefore that the street is reasonably safe for public travel and then to hold that the obstruction amounts to a nuisance is a contradiction in terms."

The court went on to hold that the city of Milwaukee was not liable for nuisance for failure to discharge its duty to keep its streets safe because the extent of its duty in that regard was fixed by statute. See also *McCoy v. Kenosha County* (1928), 195 Wis. 273, 218 N. W. 348.

However, in other cases this court has indicated that a municipality may be liable for a defective street on the ground of nuisance aside from a statutory liability under sec. 81.15, Stats. *Laffey v. Milwaukee* (1958), 4 Wis. (2d) 111, 89 N. W. (2d) 801; *Flamingo v. Waukesha* (1952), 262 Wis. 219, 55 N. W. (2d) 24; *Harper v. Milwaukee* (1872), 30 Wis. 365.

The *Lindemeyer* and *McCoy Cases* may be explained by noting that in those two cases the court was considering the duty of the city with respect to defective streets toward travelers on the streets. There is no duty of a municipality with respect to defective streets toward travelers on the streets except that imposed by sec. 81.15, Stats., but it does not follow that this statute excludes the duty of a municipality with respect to defective streets toward persons who are not travelers, *e.g.,* those who are abutting landowners. We conclude that a municipality may be liable for nuisance with respect to a defective street even though there is no liability under sec. 81.15.

It is questionable whether the alleged conduct of the city here was negligent. See *Wisconsin Power & Light Co. v.*

*Columbia County* (1958), 3 Wis. (2d) 1, 10–12, 87 N. W. (2d) 279; *Brodde v. Grosenick* (1961), 14 Wis. (2d) 341, 111 N. W. (2d) 165; *Osborne v. Montgomery* (1931), 203 Wis. 223, 242, 234 N. W. 372. However, we find it unnecessary to decide this point since we are persuaded that the city of Milwaukee was engaged in a governmental function and that the city and the appellants stood in the relationship of governor to governed.

Ordinarily, the maintenance and repair of streets is a governmental function of a municipality. *Francke v. West Bend* (1961), 12 Wis. (2d) 574, 107 N. W. (2d) 500. It is urged, however, that damage to an adjoining property owner which flows from the maintenance of a highway is committed in a proprietary capacity. See *Lloyd v. Chippewa County* (1953), 265 Wis. 293, 61 N. W. (2d) 479, 62 N. W. (2d) 431; *Matson v. Dane County* (1920), 172 Wis. 522, 179 N. W. 774; *Bunker v. Hudson* (1904), 122 Wis. 43, 99 N. W. 448. We consider the foregoing cases to assert the principle that where a governmental body engages in grading or repairing a street and does damage to an adjoining property holder, such conduct is considered to be in a proprietary function. However, in the case at bar the act complained of is of a different character; it consisted of the city's permitting traffic to make excessive use of the highway. In our opinion, the latter is clearly a governmental function.

Because the appellants and their business customers used West Blue Mound road to obtain access to their property, the appellants were obtaining the benefit of the particular governmental facility which is alleged to have caused the damage to their property. This case is distinguishable from *Robb v. Milwaukee* (1942), 241 Wis. 432, 6 N. W. (2d) 222, which is relied on by the appellants. In the *Robb Case* a woman was walking along a municipal sidewalk adjacent to a municipal baseball field. She was struck in the eye

by a ball batted over the fence. Even though the ball park and the sidewalk were maintained by the city in its governmental capacity, the city was held liable to the injured woman for nuisance. The court stated that the nuisance emanated from the ball park from which the woman was not obtaining any public benefit, and the relationship of governor to governed did not exist. However, in the case at bar the injured parties were obtaining the benefit of the facility from which the nuisance emanated.

We conclude that the city was functioning in a governmental capacity and that the relationship of governor to governed existed, and, therefore, the city is immune from suit for nuisance. Accordingly, the trial court was correct in granting summary judgment on this point.

It is also argued that the complaint might be construed to include a claim that there has been a "taking" of the appellants' property under sec. 13, art. I of the Wisconsin constitution. Certainly the appellants' property was not "taken" for public use in the usual sense of the word. Neither title nor possession was appropriated by the city. The appellants' property was not needed by the city to operate its street. This court has previously stated that "mere consequential damage to property resulting from governmental action is not a taking thereof." *Wisconsin Power & Light Co. v. Columbia County* (1958), 3 Wis. (2d) 1, 6, 87 N. W. (2d) 279. Consequential damage is precisely what the appellants are alleging. The appellants have no basis for relief under sec. 13, art. I, Wis. Const.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.

CURRIE, J. (*dissenting in part*). I respectfully dissent from that part of the court's opinion which holds that the

relationship of governor and governed existed between plaintiffs and city with respect to the nuisance which is alleged to have injured plaintiffs' property.

Before there can be a relationship of governor and governed in a nuisance case the government concerned must be acting in a governmental and not a proprietary function with respect to the injured party. This court held, in *Matson v. Dane County* (1920), 172 Wis. 522, 179 N. W. 774, and *Lloyd v. Chippewa County* (1953), 265 Wis. 293, 61 N. W. (2d) 479, 62 N. W. (2d) 431, that while the maintenance of a public highway by a county is a governmental function with respect to people traveling on the highway, it stands in a proprietary capacity with respect to adjoining property owners. It is immaterial that here it is the defendant city and not a county that is maintaining the highway. This principle was again acknowledged in *Thompson v. Eau Claire* (1955), 269 Wis. 76, 81, 69 N. W. (2d) 239, when we quoted with approval this extract from the opinion in the *Lloyd Case* (p. 302):

" 'The defense of immunity of the county based upon governmental function is not available in the instant case under the decision of this court in *Matson v. Dane County* (1920), 172 Wis. 522, 179 N. W. 774. In that case the court held that, while the maintenance of a public highway by a county may be a governmental function with respect to the rights of the public traveling thereon, it is not such a function with respect to injuries thereby occasioned to the owners of adjoining property, and as to such adjoining owners the county acts in a proprietary capacity.' "

In the *Lloyd Case* a county snowplow operated by the defendant county on a public highway blocked a drain opening, thereby causing flooding of the adjoining land. The rationale of the decision on the nuisance issue was that, while plowing snow by the county on a public highway is a govern-

mental and not a proprietary function, the relationship of the county to the owner of land bordering the highway was that of one land proprietor to another. If a private landowner is liable to an adjoining owner because of a nuisance maintained on the former's land causing injury to the latter's property, there is no reason why a public owner, such as a city or a county, should not likewise also be subject to the same liability even though the particular negligent act causing the nuisance is governmental in nature. I can perceive no difference in character between a nuisance which causes injury to adjoining property by backing up water from a street, and one which causes vibrations which travel through the ground underlying the street into the land of the adjoining owner thereby damaging his building, insofar as making a differentiation for the purpose of imposing liability.

However, in both cases, in order for there to be liability imposed upon the municipal corporation maintaining the street, the nuisance must be due to some negligence on its part. In the instant case I would hold as a matter of law that the complaint is insufficient to charge the city with negligence. For that reason I concur in the result.

I am authorized to state that Mr. Justice HALLOWS joins in this opinion.