LUBER and wife, Appellants, v. MILWAUKEE COUNTY and another, Respondents.

*No. 258. Argued April 27, 1970.—Decided June 5, 1970.*
(Also reported in 177 N. W. 2d 380.)

274

For the appellants there were briefs by *Peregrine, Schimenz, Marcuvitz & Cameron* and *Hugh R. Braun,* all of Milwaukee, and oral argument by *Mr. Braun.*

For the respondents there was a brief by *Robert P. Russell,* corporation counsel, and *Robert G. Polasek,* assistant corporation counsel, and oral argument by *Mr. Polasek.*

HANLEY, J. Two issues are presented on appeal:

(1) Is sec. 32.19 (4), Stats., unconstitutional either in itself or in the manner in which it was applied by the respondents; and

(2) Are the appellants-condemnees entitled to interest on the award from the date of taking until the date judgment was entered?

*Constitutionality of sec. 32.19 (4), Stats.*

It is the appellants' basic position on this appeal that the limitation on recovery for rent loss contained in sec. 32.19 (4),[1] Stats., is an arbitrary and unreasonable limitation on the right of recovery granted by the Wisconsin Constitution, art. I, sec. 13.[2]

The respondents maintain that although the trial court correctly sustained the statute's constitutionality, it failed to properly apply the limitations upon recovery contained therein. They thus take the position that liability is limited by the statute to rent loss incurred in the year immediately preceding taking and only as that loss is reduced by the average annual rent loss caused by vacancies in the first four years of the five-year period preceding taking.

The total rent loss in the year preceding taking was $4,200 (12 x $350). The property stood vacant for twenty months in the first four years of the five-year period preceding taking. The respondent Expressway Commission thus determined that the average vacant period dur-

---

[1] "The following items shall be compensable in eminent domain proceedings where shown to exist:

". . .

"(4) NET RENTAL LOSS. Net rental losses resulting from vacancies during the year preceding the taking of the property, provided that (a) such loss is limited to the amount that exceeds the average annual rental losses caused by vacancies during the first 4 years of the 5-year period immediately preceding the taking; and (b) such rental loss was caused by the proposed public land acquisition."

[2] "The property of no person shall be taken for public use without just compensation therefor."

ing the first four years of the five-year period preceding taking was five months (20 months divided by 4). The respondent then multiplied 7 (12 months minus 5 months) times $300 per month and arrived at the $2,100 amount which it offered to the appellants.

The trial court determined that the statutory language limiting recovery ". . . to the amount that exceeds the average annual rental loss caused by vacancies . . ." should be construed to limit recovery to the amount that exceeds average rental loss *caused by vacancies other than those caused by the condemnation proceedings.* Since it was conceded that the twenty months of vacancy during the first four years of the five-year period preceding the taking were caused by the pending condemnation proceedings, the trial court refused to subtract the average period of vacancy (five months) and thus awarded $4,200 (12 x $350) as rental loss. The trial court realized that were it to interpret the statute otherwise and apply the formulae urged by respondents, the respondents could avoid all liability for rental loss by simply delaying the taking for a sufficient length of time.

While we think that the trial court was correct in construing sec. 32.19 (4), Stats., so as to avoid such a result, grave doubt exists as to whether such section conflicts with the "just compensation" provision of the Wisconsin Constitution, art. I, sec. 13.

It is the respondents' position that compensation should be awarded for the *physical* property taken and that such was done when they awarded the fair market value of appellants' property. Respondents also maintain that "consequential" [3] damages, except as are provided by the legislature, are *damnum absque injuria* and are to be suffered in legal silence. They justify the limita-

---

[3] For a clarification of the term "consequential" damages, *see* 4 Nichols, *Eminent Domain* (3d ed.), p. 476, sec. 14.1; pp. 497, 498, sec. 14.1 [3]; and p. 507, sec. 14.2.

tions of sec. 32.19 (4), Stats., by, in effect, saying that what the legislature giveth, the legislature can taketh away.

Although such justification ignores the possibility that compensation for rental loss is a constitutional necessity rather than a legislative dole, much authority exists for the proposition that the constitution does not require compensation for consequential losses.

In reference to the rights of condemnees, under the fifth amendment of the United States Constitution, Mr. Justice DOUGLAS, in a concurring opinion, has stated:

". . . Consequential losses or injuries resulting from the taking are not compensable under the Fifth Amendment. *Mitchell v. United States* 267 U. S. 341; *United States v. Miller,* 317 U. S. 369, 376; *United States v. Powelson,* 319 U. S. 266, 281–283. It takes an Act of Congress to make them so. . . ." [4]

Recently this court has stated that ". . . 'just compensation' has never been construed as requiring payment for all injuries imposed upon persons or property by acts of government." *More-Way North Corp. v. State Highway Comm.*[5] Distinction was then drawn between the power of eminent domain, the exercise of which necessitates compensation, and an exercise of police power which allows imposition of injury without payment of compensation.

In regard to such distinction, this court had previously stated in *Wisconsin Power & Light Co. v. Columbia County*[6] that:

". . . mere consequential damage to property resulting from governmental action is not a taking thereof. Sec.

---

[4] *United States v. General Motors Corp.* (1945), 323 U. S. 373, 385, 65 Sup. Ct. 357, 89 L. Ed. 311.

[5] (1969), 44 Wis. 2d 165, 169, 170 N. W. 2d 749.

[6] (1958), 3 Wis. 2d 1, 6, 87 N. W. 2d 279. *See also: Hoene v. Milwaukee* (1962), 17 Wis. 2d 209, 217, 116 N. W. 2d 112.

13, art. I, Wis. Const., like its equivalent in the federal constitution, 'does not undertake, . . . to socialize all losses, but only those which result from a taking of property.' *United States v. Willow River Co.* 324 U. S. 499, 502, 65 Sup. Ct. 761, 89 L. Ed. 1101. Thus impairment of the value of plaintiff's farm by odors from a municipal sewerage-disposal plant is not a taking. *Hasslinger v. Hartland,* 234 Wis. 201, 206, 290 N. W. 647. Nor is partial obstruction of ingress to and egress from plaintiff's property, and the view therefrom, by a municipal shelter a taking of the property. *Randall v. Milwaukee,* 212 Wis. 374, 382, 383, 249 N. W. 73. See also *State ex rel. Saveland P. H. Corp. v. Wieland,* 269 Wis. 262, 267, 69 N. W. (2d) 217. . . ."

The question often before this court is thus whether there has in effect been a taking. In answering this question a court of necessity must define property and determine what *interests* in property are significant enough to be protected from a taking without compensation. In the instant case there is no question that the appellants' entire building was taken. The question is whether there are any *interests,* other than the building itself, for which appellants are constitutionally entitled to compensation.

Although the rule of no recovery for incidental or consequential damages has always prevailed in this country, it has been severely attacked by many legal scholars. Part of the reason for such attacks is that "just compensation" clauses have often been interpreted to require compensation only when property is damaged, as distinguished from damages to the property owner.[7] In other words, "just compensation" has been considered an in rem rather than an in personam right.[8]

---

[7] *See* Crouch, *Valuation Problems Under Eminent Domain,* 1959 Wis. L. Rev. 608.

[8] *See* Aloi and Goldberg, *A Reexamination of Value, Good Will, and Business Losses in Eminent Domain,* 53 Cornell L. Rev. (1968), 604, 631.

It is the opinion of some writers that the fair market value standard of compensation ". . . erroneously analyzes the condemnor-condemnee relationship in terms of existing real and personal property concepts without regard to economic implications of the situation. . . ." [9]

". . . In theory, the market value standard is directed toward compensating the condemnee for the *physical* property loss suffered; thus it generally excludes recompense for incidental losses—losses typified by damage to or destruction of good will, expenses incurred in moving to a new location and profits lost because of business interruption or inability to relocate. In denying these losses, courts have recognized that such action constitutes a derogation of the indemnity principle and makes 'harsh' law. Nonetheless, the practice continues, justified by reasoning which, upon critical examination, reflects dubious wisdom and logic." [10] (Emphasis supplied.)

We think that under property concepts one's interest in rental income is such as to deserve compensation under the "just compensation" provision of the Wisconsin Constitution. In the instant case it is undisputed that the pendency of the condemnation was the sole cause of the appellants' rental loss. The reason for formerly denying compensation for such interest was that the condemnor received no benefit from the taking thereof. This court, however, departed from such thinking when it said in *Volbrecht v. State Highway Comm.*[11] that "Just compensation is what the owner has lost, not what the condemnor has gained. . . ."

The importance of allowing recovery for incidental losses has increased significantly since condemnation

[9] *Id.* at page 605.
[10] *See:* Note, 67 Yale L. Journal (1957), 61, 61–63.
[11] (1966), 31 Wis. 2d 640, 647, 143 N. W. 2d 429. *See also: Besnah v. Fond du Lac* (1967), 35 Wis. 2d 755, 758, 151 N. W. 2d 725.

powers were initially exercised in this country. During the early use of such power, land was usually undeveloped and takings seldom created incidental losses. Thus the former interpretation of the "just compensation" provision of our constitution seldom resulted in the infliction of incidental losses. The rule allowing fair market value for only the physical property actually taken created no great hardship. In modern society, however, condemnation proceedings are necessitated by numerous needs of society and are initiated by numerous authorized bodies.[12] Due to the fact people are often congregated in given areas and that we have reached a state wherein *re*-development is necessary, commercial and industrial property is often taken in condemnation proceedings. When such property is taken, incidental damages are very apt to occur and in some cases exceed the fair market value of the actual physical property taken.

Many states, realizing the injustice of denying recovery for other than the fair market value of the physical property actually taken, have created statutes such as sec. 32.19, Stats. If, in fact, payment for rental loss is constitutionally required, sec. 32.19 (4) is not a matter of legislative charity but is an unauthorized limit upon recovery. It should be noted that many states have, in order to avoid difficulties, amended their constitutions so that property shall not be taken or *damaged* without just compensation.[13]

The inadequacy of merely awarding the fair market value of the property actually taken is most apparent in cases of partial taking.

". . . In this event, the courts, repulsed by what they openly term a 'travesty upon justice,' reject market value of the land taken as the sole measure of compensation. Instead, they allow for the diminution in value of the property remaining in the hands of the condemnee—

[12] *See* sec. 32.02, Stats., for a list of those authorized to exercise condemnation powers in Wisconsin.

[13] 2 Nichols, *Eminent Domain* (3d ed.), p. 486, sec. 6.44.

consequential damages—by adopting different formulae which give rise to greater awards. One formula awards the difference between the value of the entire property before the taking and the value of the property remaining after the taking. . . ." [14]

An example of such a formula with some modifications has been legislatively adopted in this state in sec. 32.09 (6), Stats.

This court in *State v. Herwig* [15] has recognized that some *interests* other than land itself cannot be taken without just compensation. There, this court was called upon to determine whether a rule promulgated by the state conservation commission establishing a closed season on hunting wild birds constituted taking of an interest for which compensation was constitutionally required.

In answering this question in the affirmative it was stated:

". . . We agree with the trial judge that so far as this defendant is concerned the conservation commission was establishing a game refuge for waterfowl during the migratory season by the use of the closed-season device. By this device the state for all intents has permanently provided a refuge or sanctuary for the migratory waterfowl except that no efforts were made by the state to maintain or provide the waterfowl with food. . . .

". . . The prohibition of hunting under these circumstances results in an unnaturally concentrated foraging upon the defendant's land by wildfowl and a substantial damage to the defendant's property sufficient to constitute a taking without compensation." [16]

In *Carazalla v. State* [17] this court in effect allowed for recovery of incidental damages when, in reference to

---

[14] *Supra,* footnote 10, page 82.

[15] (1962), 17 Wis. 2d 442, 117 N. W. 2d 335.

[16] *Id.* at pages 449 and 450.

[17] (1955), 269 Wis. 593, 607, 70 N. W. 2d 208, 71 N. W. 2d 276. *See also: Richards v. State* (1961), 14 Wis. 2d 597, 111 N. W. 2d 505.

damages resulting from inconvenience occasioned by construction work, it stated:

> " 'It is not a compensable item in the sense that the jury will be called upon separately to find that damage, but it is an item to be taken into consideration in determining the value of the property after the taking. . . .
> " 'It is an inconvenience that must be contemplated at the time the person buys, and it is within the purview and within the thought and mind of a person who buys at the time he buys immediately after the taking.' "

In Florida the state supreme court interpreted a constitutional provision similar to that of Wisconsin so as to require compensation for moving expenses. In so doing, the Florida court stated:

> ". . . We feel our constitutional provision for full compensation requires that the courts determine the value of the property by taking into account all facts and circumstances which bear a reasonable relationship to the loss occasioned the owner by virtue of the taking of his property under the right of eminent domain.
> " . . .
> "Although the contention that moving costs have no bearing on the fair market value of the premises may be meritorious in other jurisdictions, it has no merit in Florida, where an owner is constitutionally guaranteed full or just compensation. The theory and spirit of such a guarantee require a practical attempt to make the owner whole. . . . A person who is put to expense through no desire or fault of his own can only be made whole when his reasonable expenses are included in the compensation." [18]

While the rule that consequential damages are *damnum absque injuria* has long been prevalent throughout this country, such rule is slowly being eroded by both courts and legislatures. The Wisconsin legislature, for instance,

---

[18] *Jacksonville Expressway Authority v. Henry G. Du Pree Co.* (Fla. 1958), 108 So. 2d 289, 291, 292.

has in its most recent session amended sec. 32.19,[19] Stats., so as to provide for certain relocation assistance. Unfortunately, this new section which becomes effective July 1, 1970, contains the same defect contained in sub. (4) of the present statute.

We believe that one's interest in rental loss is such as is required to be compensated under the "just compensation" clause of art. I, sec. 13, Wisconsin Constitution. Sec. 32.19 (4), Stats., insofar as it limits compensation for the taking of such interest is in conflict with the state constitution. The rule making consequential damages *damnum absque injuria* is, under modern constitutional interpretation, discarded and sec. 32.19 (4) insofar as it limits compensation is invalid.

### Interest on the amount awarded.

The trial court, after awarding the appellants $4,200 for rental loss, allowed interest from March 1, 1967 (the date of the taking) until May 1, 1969 (three days after the signing of the findings of fact and conclusions of law) in the amount of $455. It is the position of the respondents that such allowance of prejudgment interest was error because the amount of rental loss owed was not liquidated and will not be determined until the decision of this court.

Recently this court has stated that:

". . . As long as there is a genuine dispute about the amount that is due, [one] should not have to pay interest until the amount has been determined and judgment entered thereon." [20]

[19] Sec. 3, ch. 409, Laws of 1969.

[20] *Congress Bar & Restaurant v. Transamerica Ins. Co.* (1969), 42 Wis. 2d 56, 71, 165 N. W. 2d 409. *See also: Necedah Mfg. Corp. v. Juneau County* (1932), 206 Wis. 316, 237 N. W. 277, 240 N. W. 405.

It is the position of the appellants that since a claim was filed for thirty-two months' loss at $350 a month and since it is undisputed that the impending taking caused the loss, the damages were, in effect, liquidated. This argument, however, ignores the fact that appellants themselves have attacked the very statute under which rental loss was computed. Under such circumstances, it is difficult to see how the amount due them could be readily determined. Only if this court were to affirm the respondents' original computation of the appellants' compensable rental loss could such loss be considered liquidated at the date of taking.

Since we hold the statute insofar as it limits compensation unconstitutional, the rental loss suffered by appellants was not liquidated at the time of the "taking" and prejudgment interest should not be allowed.

*By the Court.*—That part of the judgment appealed from which holds that sec. 32.19 (4), Stats., is not inconsistent with the provision of art. I, sec. 13, Wisconsin Constitution, and that part of the judgment appealed from which holds that plaintiffs are entitled to interest from the date of taking are reversed; that part of the judgment awarding plaintiffs the amount of $4,200 is modified to increase the amount to $11,200 and, as modified, affirmed.

WILKIE, J. (*dissenting*). Art. I, sec. 13 of the Wisconsin Constitution provides simply:

"The property of no person shall be taken for public use without just compensation therefor."

As this provision clearly contemplates, before just compensation is required, there must be a taking of a person's property. The majority conclude that the rental loss sustained by the appellants due to the pending acquisition of their property by the Expressway Commission constituted a taking. I respectfully disagree.

This rental loss, while it may be a significant sum, is, in my opinion, merely consequential or incidental damage to the property of the appellants. As the majority opinion indicates, this court has previously adhered to the proposition that mere consequential damage to property resulting from governmental action is not a taking.[1] In order for there to be compensation for consequential damages, some statute must so provide.

Here, sec. 32.19 (4), Stats., provides for rental loss compensation limited to the year preceding the taking of the property. The majority now hold this limitation to be unconstitutional. In effect, the majority find that the taking for which compensation is required occurred at the time the appellants' tenant learned of the planned acquisition by the commission and refused to renew its lease. Under the guise of declaring the statute unconstitutional, the majority are actually enlarging its coverage.

The majority, by equating loss of rent with a taking, are construing the constitutional provision as if it read: The property of no person shall be taken *or damaged* for public use without just compensation therefor. This is an unfortunate, and in my opinion an impermissible judicial amendment to the constitution.

I am authorized to state that Mr. Chief Justice HALLOWS and Mr. Justice ROBERT W. HANSEN join in this dissent.

[1] *Wisconsin Power & Light Co. v. Columbia County* (1958), 3 Wis. 2d 1, 87 N. W. 2d 279.