ROTTER, and another, Appellants, v. MILWAUKEE COUNTY EXPRESSWAY & TRANSPORTATION COMMISSION, Respondent. [Case No. 709.]

NATIONAL SUPPLY & HARDWARE CORPORATION, Appellant, v. MILWAUKEE COUNTY & MILWAUKEE COUNTY EXPRESSWAY & TRANSPORTATION COMMISSION, Respondents. [Case No. 710.]

NATIONAL SUPPLY & HARDWARE CORPORATION, Appellant, v. MILWAUKEE COUNTY & MILWAUKEE COUNTY EXPRESSWAY & TRANSPORTATION COMMISSION, Respondents. [Case No. 711.]

*Nos. 709, 710, 711 (1974). Argued April 8, 1976.—Decided May 4, 1976.*
(Also reported in 241 N. W. 2d 440.)

554

For the appellants there was a brief by *Hugh R. Braun* and *Godfrey & Trump* of Milwaukee, and oral argument by *Hugh R. Braun.*

For the respondents there was a brief by *Robert P. Russell,* corporation counsel of Milwaukee county, and *Gerald G. Pagel,* assistant corporation counsel, and oral argument by *Gerald G. Pagel.*

ROBERT W. HANSEN, J.   While the three appeals have been consolidated for the purpose of appeal, each will be discussed separately in this three-in-one opinion.

## I. *Action for rent loss.*

This action was brought by Marshall and Samuella Rotter to recover rent they claim was lost due to the taking of their two buildings by condemnation. The warehouse on Fourth Street was taken on October 28, 1966. The store building on Third Street was taken on June 16, 1967. National Hardware's lease with the Rotters for the store building began in 1961, and was renewed for five years on December 31, 1965. (The rent was $800 per month.) By mutual agreement of the parties, no rent was paid by National Hardware to the Rotters from January 1, 1967, until the store was taken on June 16, 1967. The trial court dismissed the complaint on the ground that the Rotters voluntarily released National Hardware from its rental obligation under the lease, and, therefore, the rent loss did not qualify as a compensable item of damages under sec. 32.19 (4), Stats. 1965.

The applicable statute provides that, in eminent domain proceedings, net rental losses resulting from vacancies during the year preceding the taking of the property shall be compensable, but only if ". . . such rental loss was caused by the proposed public land acquisition."[1] Additionally, the statutory requirement is that, for moving expenses to be recoverable, there must be an ". . . existing unexpired written lease, the full term of which is at least 3 years."[2] The trial court's holding was that any rent loss by the Rotters was not caused by the public land acquisition, but was caused by the Rotters' voluntary releasing National Hardware from the terms of the written lease between the parties.

Additionally, the trial court found that there ". . . continued to be at least a minimal occupancy of the

---

[1] Sec. 32.19 (4), Stats. 1965.

[2] Sec. 32.19 (2), Stats. 1965.

Third Street property by the corporation from January 1, 1967, up to the approximate date of the taking by the Commission in June, 1967." On this point, the Rotters responded by asking, "Can the claim of the Rotters be denied because they permitted *their corporation* a minimal use of the building for storage of some minor and miscellaneous items?"[3] We underline the reference to "their corporation" to make the point that, for the purpose of determining rent loss, National Hardware is a corporate entity, separate and distinct from the Rotters. In a condemnation action, involving properties owned by a husband and wife and property owned by their family-controlled corporation, our court rejected the unity-of-use approach, saying: "[T]hose who created the corporation in order to enjoy advantages flowing from its existence as a separate entity are asking that such existence be disregarded where it works a disadvantage to them. We do not consider it good policy to do so."[4] For all purposes here, the Rotters and National Hardware are separate legal entities and must be treated as such.

Here, for their own reasons, the Rotters chose to release National Hardware from the obligation to pay rent under the written lease. The result is the same as if the lease had been entered with and release given to Safeway Stores or Sears. The same release of obligations under the lease would be present. Any rent loss sustained by the Rotters under their lease with National Hardware was, as the trial court found, solely attributable to the Rotters having released National Hardware from its obligation to pay rent under the written agreement. Such being the situation, the rent loss sustained was not caused by the acquisition of the store building by the

[3] Appellant's Brief, page 16.

[4] *Jonas v. State* (1963), 19 Wis. 2d 638, 644, 121 N. W. 2d 235, 95 A. L. R. 2d 880.

county, but by the release of rental obligations agreed to by the Rotters.

## II. *Action for moving expenses.*

This action was brought by National Hardware to recover its moving expenses involved in the relocating of its retail hardware business at another site. The applicable statute provides that such moving expenses of landowner or tenant are compensable,[5] but provides that such costs of removal from nonresidential site shall not exceed $2,000.[6] National Hardware filed two claims for $2,000 each, one for the store building and one for the warehouse. One claim was allowed; the other was not. National Hardware brought suit for the $2,000 claim that was denied, and for the balance of moving expenses not included in the two claims filed. The trial court allowed the $2,000 claim which had previously been denied by the commission, but denied the balance of the moving expenses, including as a ground for so doing the fact that no claim for the balance had been filed with the commission.

The procedure for collection of itemized items of compensation in eminent domain cases is prescribed by statute in sec. 32.20, Stats. 1965.[7] The trial court held

[5] Sec. 32.19 (2), Stats. 1965, provides that, among items compensable in eminent domain proceedings, there is included the ". . . cost of removal from the property taken to another site of personal property of land owners, or tenants under an existing unexpired written lease, the full term of which is at least 3 years."

[6] *Id.*, also providing: "Such costs shall not exceed $150 for removals from each family residential unit or $2,000 from each farm or nonresidential site."

[7] Sec. 32.20, Stats. 1965, provides: "**Procedure for collection of itemized items of compensation.** Claims for damages itemized in s. 32.19 shall be filed with the state highway commission or other public body, board, commission or utility, which is carrying on the project through which condemnee's or claimant's claims arise. . . . If such claim is not allowed within 90 days after the filing

that any claim for moving expenses must, under this statute, be initially presented to the commission for approval or disapproval. National Hardware sees the statutory procedure as applying only to claims up to $2,000, with claims for additional expenses to go directly to the courts. There is a $2,000 limit as to what is compensable, but that applies to what may be paid out, not to what can be claimed. If there is a claim of entitlement to more than $2,000 or a claim that the $2,000 limit is invalid or inapplicable, it is the entire claim that is to be filed with the commission, not just the first $2,000 of it. Our court has held that, while a notice of claim must claim a definite amount, the fact that the amount exceeds the maximum allowable under a statute does not render the claim invalid.[8] In the case before us, it is only if such claim is filed and disallowed that "the claimant shall have a right of action against the condemnor."[9] Since no claim was made to the commission for the balance of moving expenses now claimed (in excess of the $4,000 allowed) and since the two-year time limit for filing such claim has run,[10] both the right

thereof, the claimant shall have a right of action against the condemnor, or in case no condemnation is involved against the highway commission or public body, board, commission or utility, which is carrying on the project through which the claim arises. Such action shall be commenced in a court of record in the county wherein the damages occurred. . . ."

[8] *Schwartz v. Milwaukee* (1969), 43 Wis. 2d 119, 125, 168 N. W. 2d 107, our court also stating: "The city argues the notices of claim were invalid . . . because they were in excess of the $25,000 limit. There is no merit in this argument. . . . It is the duty of the claimant to honestly state the amount of his claim whatever it is and it is the duty of the city to verify this amount and, if there is liability, to allow it not in excess of $25,000."

[9] *See:* Sec. 32.20, Stats. 1965, quoted in footnote 7.

[10] Sec. 32.20, Stats. 1965, providing in material part: "All such claims must be filed after the damages upon which they are based have fully materialized but in no event later than 2 years after the condemnor takes physical possession of the entire property acquired."

and the remedy to make such claim have been extinguished.[11] We affirm the holding of the trial court that a claim must be made to the commission for the entire amount of moving expenses incurred if that entire amount is sought to be recovered in a court action. Here the Rotters are limited to recovery of the two $2,000 claims for which they sought and were awarded compensation.

### III. *Action for rent duplication.*

This action was brought by National Hardware to recover the cost of leasing a building at its new site prior to the time it had to move from its old location. The complaint alleges that portions of the new building were rented as early as October 1, 1964, with the total rent paid until January 1967, claimed to be $9,150. The county and the expressway commission demurred to this complaint. The trial court sustained the demurrer. The trial court held that sec. 32.19, Stats., did provide for various compensable items in eminent domain proceedings, but found ". . . nothing in this section which authorizes a rental payment by a lessee by reason of the need to acquire other premises to carry on an existing business."

No claim for compensation for duplicate rent payments was filed by National Hardware with the expressway commission. The complaint in this action states that no claim was filed for these expenses under sec.

---

[11] *See: Maryland Casualty Co. v. Beleznay* (1944), 245 Wis. 390, 393, 14 N. W. 2d 177, this court holding: "In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right. . . ." *See also:* 1 Nichols, *Eminent Domain* (3d ed.), sec. 4.102 [1] at page 4–54.

32.19, Stats., ". . . since that statute does not provide for the filing of a claim for this purpose. . . ." However, the complaint also alleges that the expenditures involved "related solely and directly" to the taking of the two buildings previously used by National Hardware. That relates the claim to the expense of moving. However, we deal here solely with whether it was required that this claim for duplicated rent payments be filed with the expressway commission. We do not reach or decide whether such claim was required to be allowed as part of the moving expenses of National Hardware. However, we note that the phrase "moving expenses" need not be given any unreasonably broad interpretation to encompass, under proper circumstances and a showing of necessity, reasonably required extra lease expenses. In a condemnation case, where expenses of moving personal property were found not recoverable, our court said: "Such expenditures not being recoverable, we see no reason why expenditures to secure a new location or to prevent loss of trade should be."[12] Putting together moving expenses and duplicate rent payments, our court then held: *"All such items* of expenditures and depreciation of fixtures and other personal property as well *are incident to removal* from the premises. . . ."[13] (Emphasis supplied.) The claim for duplicate rent payments must here be considered to be a claim as to an expense claimed to be incident to and a part of the moving expenses. We hold that it was required to be filed with the commission within two years of the taking of the property. It was not so filed.

[12] *Fiorini v. Kenosha* (1932), 208 Wis. 496, 499, 243 N. W. 761.

[13] *Id.* at page 499, saying of such items of expenditures incident to removal from the premises: "No recovery lies for them on expiration of a lease. No more should recovery for them be allowed on termination of occupation caused by condemnation of part of the leased property."

In asserting its right to compensation for duplicate rent expenses and to justify its not filing a claim with the commission for allowance of such claim, National Hardware relies heavily on the recent *Luber v. Milwaukee County Case.*[14] In that case the plaintiffs, owners of condemned property, sought recovery for rent loss for thirty-two months even though the statute only allowed recovery for rent loss for the twelve months preceding condemnation. Our court majority held that the plaintiffs were entitled to the entire rent loss amount, placing such entitlement on constitutional grounds.[15] The trial court in the case before us held *Luber* to its facts, finding that *Luber* ". . . is not dispositive of the question as to whether the defendant is entitled to recoup their rentals as a necessary incidental loss attributable to the taking." We agree. *Luber* placed the thirty-two month rent loss within the items of compensable items of damage under sec. 32.19, Stats. It did not create a new category of "incidental" or "consequential" damages which could be brought directly to court without regard to the statutory procedure as to claims and without meeting the requirement of filing a claim with the commission or public body involved in a taking before going to court.

The *Luber* holding is to be read and limited to its holding that the twelve-month limit as to rent losses allowable was constitutionally invalid. It is true, as *Luber* noted, that when property is taken by condemnation "incidental damages are very apt to occur."[16] That is not to say that a cause of action for compensation for incidental damages has been created that has no basis or relatedness to the items made compensable by sec. 32.19, Stats. It means only that payment and time limits set

---

[14] (1970), 47 Wis. 2d 271, 177 N. W. 2d 380.

[15] *Id.* at page 283.

[16] *Id.* at page 280.

forth in sec. 32.19 may encounter constitutional difficulties, as did the twelve-month rent loss limit in *Luber*.[17] This does not alter the mandated procedural steps set forth in sec. 32.20, for the making of any and all claims by condemnees. In the *Luber Case* the plaintiffs were offered $2,100 by the commission for their rent losses. They rejected this offer and went to court to challenge the twelve-month time limit as to allowable rent loss period. They succeeded, but their victory does not mean that a condemnee may challenge any item or limit in sec. 32.19 without initially bringing this claim or challenge to the commission or public body involved. Claimants are not to present a portion of their total claim to the commission, and the balance directly to the courts. That would defeat the evident legislative purpose and express legislative requirement that all claims by condemnees for compensation are to be presented to the commission involved for allowance or disallowance. This procedural requirement applies to all claims, including those the statute terms "incidental."[18] In the case before us the requirement applies to National Hardware's claim for compensation for duplicate rent payments. The requirement was not met when National Hardware brought its claim directly to court.

Finally, National Hardware submits that its claim for duplicate rent expenses ought not to have been rejected at the demurrer stage. There might be substance to this argument if we were dealing with the question of whether, under the facts of this case, the expenses involved in duplicate rent payments could be a proper item

---

[17] *Id.* at page 285.

[18] *See:* Sec. 32.09(7), Stats. 1965, which provides: "In addition to the amount of compensation paid pursuant to sub. (6) [concerning partial takings], the owner shall be paid for the items provided for in s. 32.19, if shown to exist, *and in the manner described in s. 32.20.*" (Emphasis supplied.)

of compensation under the statute on a claim properly filed with the commission. However, we are not ruling either that the duplicate rent payments here made were or were not proper items of compensation due National Hardware. We are holding only that claims for compensation for rent loss, moving expenses or "incidental" expenses by condemnees must be filed with the commission or public body involved pursuant to sec. 32.20, Stats. 1965. We are further holding that even where a claim is asserted that is in excess of payment limits or beyond time limits as to losses sustained, such challenge must begin with a claim filed with the commission or public body involved in the taking. What we seek to outlaw is what was done here—the bringing of certain claims and portions of claims to the commission for allowance or disallowance, and the bringing of other claims or portions of claims directly to court without having presented them to the commission. All claims for compensation by condemnees must be filed with the commission or public body involved within the two-year time limit set by the statute. It is only after disallowance of such claims by such commission or public body that there is a right to take the claim or the challenge to commission disallowance to court.

*By the Court.*—Judgments and order affirmed.