GILSON MEDICAL ELECTRONICS, INC., and Warren E. Gilson, Petitioners-Appellants,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent.

Court of Appeals

*No. 82–1254. Submitted on briefs August 8, 1983.—Decided October 11, 1983.*
(Also reported in 340 N.W.2d 562.)

For the appellants the cause was submitted on the briefs of *Michael W. Wilcox* and *Boardman, Suhr, Curry & Field* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *John C. Murphy,* assistant attorney general, and *Kirsten Tinglum,* law clerk.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Gilson Medical Electronics, Inc., and Warren Gilson appeal from a circuit court judgment affirming a gift tax assessment against the corporation by the Wisconsin Tax Appeals Commission. The commission determined that Warren Gilson's conveyance of real property and improvements to the corporation was a gift taxable to the corporation. The Gilsons contend that the tax should be imposed against the corporate shareholders when, as here, a closely held corporation is involved. Because Wisconsin law unambiguously requires that the gift be taxed to the corporation, we affirm the judgment.

In Wisconsin, a gift to a corporation is taxable to the corporation.   Section 72.75(1)(a), Stats., provides that "[a] tax is imposed upon any transfer to any person . . . when: [t]he transfer is by gift from a donor who . . . was a resident of this state." Section 72.01(10), Stats., defines "person" as including "all partnerships, associations, corporations and municipalities."   All corporations include closely held corporations.   If the legislature had wanted to exclude closely held corporations, it could have done so.

These statutes are unambiguous, and courts must therefore give effect to the ordinary and accepted meaning of their words without resort to either construction

or case law. *City of Milwaukee v. Lindner,* 98 Wis. 2d 624, 632–34, 297 N.W.2d 828, 832–33 (1980). Courts have no duty to search for doubt in an attempt to defeat obvious legislative intent. *Kearney & Trecker Corp. v. Wisconsin Department of Revenue,* 91 Wis. 2d 746, 753, 284 N.W.2d 61, 64–65 (1979).

Because the Wisconsin gift tax statute is not patterned after the federal gift tax statute, 26 U.S.C. § 2501(a)(1) (1976), there is no need to make Wisconsin law consistent with federal law. 26 C.F.R. § 25.2511–1(h)(1) (1983) provides that a gift to a corporation is a gift to the corporation's shareholders. There is, however, a critical difference between the federal gift tax and the Wisconsin gift tax. The federal tax is imposed on the donor, based on the total amount of taxable gifts made by that donor, while the state tax is imposed upon the donee. The Gilsons would gain a substantial Wisconsin gift tax advantage if they were permitted to split their one large transfer to the corporation into several small transfers to the shareholders.

Even if the Department of Revenue treats a gift to a trust as a gift to the trust beneficiaries, this does not preclude imposition of the gift tax on the corporation. Corporations are different from trusts. The Gilsons chose to create a corporation in order to enjoy the advantages flowing from its existence as a separate entity. The corporate entity was distinct from its shareholders, *see Rotter v. Milwaukee County Expressway and Transportation Commission,* 72 Wis. 2d 553, 557, 241 N.W.2d 440, 443 (1976), and it had the power to accept a gift. Section 180.04(4), Stats. The Gilsons cannot now disregard the corporation simply because it works a disadvantage to them. *See Jonas v. State,* 19 Wis. 2d 638, 644, 121 N.W.2d 235, 239 (1963).

*By the Court.*—Judgment affirmed.